Eddie SCOTT et al., Appellants,

v.

L. W. (Woody) DAVIS, Appellee.

No. 25518.

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1968.

of the original. This subsection shall not be construed to exclude from evidence any document or copy thereof

Richard B. Sobol, New Orleans, La., Alvin J. Bronstein, Jackson, Miss., John

which is otherwise admissible under the rules of evidence.

D. Hawke, Jr., Washington, D. C., Collins, Douglas & Elie, New Orleans, La., for appellants; Anthony G. Amsterdam, Philadelphia, Pa., of counsel.

Norman Magee, Ferriday, La., Roy S. Halcomb, Ferriday, La., for appellee; Evylen P. Cole, Ferriday, La., of counsel.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

MORGAN, Circuit Judge:

 This is a class action for declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 1981 and 1983.[1] Plaintiffs seek a judgment that defendant, in exercising his control over the enforcement of municipal and state criminal law in Ferriday, Louisiana, has acted and has refused to act in such a manner as to deprive plaintiffs and persons similarly situated of rights guaranteed them by the Constitution and laws of the United States.[2] Appellants filed a motion for preliminary injunction, supported by affidavits with the complaint. The Court below ruled that the motion for a preliminary injunction would be decided on affidavits. Subsequently, the lower Court denied the requested motion and dismissed the complaint because in its opinion there were adequate procedures under state law for the vindication of the federal rights in issue, i. e., state court appeals from individual criminal prosecutions in the Mayor's Court, and, consequently, those rights could not be protected in a proceeding brought under 42 U.S.C. § 1983. We are cognizant of various instances where federal courts repeatedly have acted in cases instituted under 42 U.S.C. § 1983 to redress and enjoin violations of federal constitutional rights, regardless of the procedures potentially available at state law. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); Armstrong v. Board of Education, 323 F.2d 333 (5 Cir., 1963).

 We make no determination as to the interpretation and application of the governing statutory provision or choice between the view expressed by the

---

1. 42 U.S.C. § 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The appellants, Eddie Scott, Rudolph A. Shields, Donnie Weatherspoon, and Joseph White, are four Negro citizens of the United States and residents of the town of Ferriday, Louisiana. Respondent, L. W. Davis, is the Mayor of Ferriday and in that capacity is also the sole judge and presiding official of the Mayor's Court of Ferriday. On more than one occasion within the last year all of the petitioners have been tried and convicted on various criminal charges in the Mayor's Court. Petitioners contend that their right to a public trial, secured by the Sixth and Fourteenth Amendments of the United States Constitution, and by Article I, §§ 6 and 9 of the Louisiana Constitution, has been denied. These contentions are based on allegations that respondent permitted only the accused, witnesses, and several members of the Ferriday police force to be present during the trials. Friends and close relatives were excluded from the courtroom. Attorneys frequently were not allowed to see their clients prior to trial and, in at least one instance, an attorney was refused admittance to defend his client until persistent knocking on a locked courtroom door gained admission for him. Additionally, the allegation is made that respondent or his subordinates have refused to allow petitioners or their attorneys to inspect the municipal ordinances of the city prior to any alleged violation or criminal proceeding, thus depriving them of their right to notice of potential criminal liability. In numerous instances, respondent or his subordinates refused to accept bond from professional or personal sureties posted in behalf of petitioners.

District Court on the one hand or the broader construction urged by the plaintiffs on the other. We do hold that this case presents substantial questions of fact and law which cannot be resolved without further development of the facts. There can be no doubt that where the facts are clear that a court, in the exercise of its discretion, may grant or deny an injunction on the basis of ex parte affidavits. However, where as here the affidavits relate to controverted factual issues, we feel the District Court should have required the facts to be tested in the crucible of oral and cross-examination. Accordingly, the case is remanded to the District Court for further findings of fact after a full hearing consistent with the views herein expressed.

Reversed and remanded.