John HULETT, Plaintiff,

v.

Honorable J. B. JULIAN, Justice of the Peace, Lowndes County, Alabama, Defendant,

The State of Alabama, on the relation of Richmond M. Flowers, as Attorney General of Alabama, Intervenor.

Civ. A. No. 2288-N.

United States District Court
M. D. Alabama, N. D.

Feb. 5, 1966.

Solomon Seay, Jr., of Gray & Seay, Montgomery, Ala., Jack Greenberg, Charles Jones, Jr., and Melvyn Zarr, New York City, for plaintiff.

Richmond M. Flowers, Atty. Gen., and Robert P. Bradley, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for the State of Alabama, intervenor.

Before RIVES, Circuit Judge, and GROOMS and JOHNSON, District Judges.

PER CURIAM.

On October 1, 1965, plaintiff John Hulett was arrested upon a warrant charging him with reckless driving,[1] and was brought before the defendant, Honorable J. B. Julian, a Justice of the Peace, Lowndes County, Alabama. This Court granted a temporary restraining order enjoining the defendant from trying the plaintiff. 28 U.S.C.A. § 2284(3). It is the plaintiff's insistence that the defendant Justice of the Peace has a direct, personal and substantial interest in convicting him and, hence, that the plaintiff would be denied due process of law if he were subjected to trial before the Justice of the Peace.[2]

■■■■ At the outset we recognize that the arrest by the federal courts of the processes of the criminal law within the State is to be supported only on a showing of danger of great and immediate irreparable injury.[3] Judicial comity and its statutory counterpart, 28 U.S.C.A. § 2283, bar this Court from enjoining the defendant Justice of the Peace if the plaintiff has any adequate remedy under State law.

There is no provision for review of the legality of the proceedings before the Justice of the Peace upon appeal. In order to appeal from a judgment of conviction, the plaintiff would be required to make "bond, with sufficient sureties, in such sum as the justice * * * may require * * *." Code of Alabama, Recompiled 1958, Title 13, sec. 428. The law further provides that, "The trial on appeal from a judgment rendered by a justice, shall be de novo." Id., Title 13, sec. 429. We do not think that the plain-

---

1. "§ 3. *Reckless driving.*—Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished by imprisonment in the county or municipal jail for a period of not less than five days nor more than ninety days or by a fine of not less than twenty-five dollars nor more than five hundred dollars or by both such fine and imprisonment, and on a second or subsequent conviction shall be punished by imprisonment for not less than ten days nor more than six months or by a fine of not less than fifty dollars nor more than one thousand dollars, or by both such fine and imprisonment, and the court shall prohibit the person so convicted from driving a motor vehicle on the public highways of this state for a period of not exceeding six months." Code of Alabama, Title 36, § 3 (Recompiled 1958).

2. Tumey v. State of Ohio, 1927, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749.

3. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163–164, 63 S.Ct. 877, 87 L.Ed. 1324.

tiff can be required to submit to an unconstitutional trial as a prerequisite to being accorded a valid trial de novo.

Under an Alabama statute the Circuit Court has authority "[t]o exercise a general superintendence over all inferior jurisdictions," Id., Title 13, sec. 126(3). Apparently, however, such superintendence has been limited by judicial decision to cases of usurpation and abuse of power in excess of the court's jurisdiction.[4]

■ We conclude that the plaintiff has no adequate remedy under State law, and that it is the duty of this Court to take jurisdiction and decide the question of federal constitutional law.[5]

■ Title 36, sec. 53 of the Code of Alabama, Recompiled 1958, provides in pertinent part as follows:

*"Fines and forfeitures.*—All fines and forfeitures collected upon conviction or upon forfeiture of bail of any person charged with a violation of any of the provisions of this chapter constituting a misdemeanor, shall be, within thirty days after such fine or forfeiture is collected, forwarded to the treasurer. All amounts received from such fines or forfeitures shall be credited to the highway patrol fund. Failure, refusal or neglect to comply with the provisions of this section shall constitute misconduct in office and shall be ground for removal therefrom. \* \* \*"[6]

That section has been construed by the Attorney General of Alabama to prohibit a Justice of the Peace from withholding money from traffic fines or forfeitures in order to pay costs in cases of acquittal or to provide a fund to pay fees in other cases in which the defendant is acquitted.[7] So far as we have been advised, it has not been construed to prohibit a Justice of the Peace from withholding his fees in case of conviction, but the consistent practice has been that the Justice obtains his fees when the defendant is convicted. In the present case the defendant testified as follows:

"Q. Let me ask you one other question, Judge; now, as a matter of practice, where you don't convict the defendant, you don't get paid, do you?

"A. No.

"Q. As a matter of practice, you don't get paid—

"A. That's right.

"Q. —do you?

"MR. SEAY: All right, sir. I believe that's all.

"JUDGE GROOMS: Just a minute; you mean to say you don't get highway fines in your fund?

"WITNESS: No, sir; I—I understand that I could get them, but I never—I never have.

"JUDGE GROOMS: Well, how are you paid, then, if you don't get these highway—

"WITNESS: On the acquittals?

"JUDGE GROOMS: On the convictions?

4. Ex parte Johnson, 1920, 203 Ala. 579, 84 So. 803; State ex rel. Garrow v. Grayson, 1929, 220 Ala. 12, 123 So. 573; Hudson v. Sparks, 1961, 272 Ala. 203, 129 So. 2d 664; Thornhill v. Cowart, 1921, 205 Ala. 455, 88 So. 563; Pharr v. Whittle, 1939, 237 Ala. 124, 185 So. 895; Lassiter v. Werneth, 1963, 275 Ala. 555, 156 So. 2d 647. Compare Moulton v. Byrd, 1932, 224 Ala. 403, 140 So. 384, where no objection was raised to the propriety of the proceeding and, hence, its permissibility was not decided.

5. See McNeese v. Board of Education, 1963, 373 U.S. 668, 672, 83 S.Ct. 1433, 10 L.Ed.2d 622; England v. Louisiana State Bd. of Medical Examiners, 1964, 375 U.S. 411, 415, 416, 84 S.Ct. 461, 11 L. Ed.2d 440.

6. The section for violation of which the plaintiff Hulett is charged (see n. 1, supra) is a part of the same chapter.

7. Ala.Atty.Gen.Quar.Rep., Jan.–Mar. 1939, p. 63; Oct.–Dec. 1939, p. 78.

"WITNESS: I hold a fee, my fee, and submit the rest of the fine to the State or the County, whichever it goes.

"JUDGE GROOMS: And you submit a bill to the State or the County for the convictions then?

"WITNESS: No, sir; I—I submit the money that—that I fined for the State, the fine and fee for the State, I submit that to the State of Alabama, and I submit the fine or fee to the County, whichever it might go to, and keep the fee, keep my fee.

"JUDGE RIVES: Now, on the acquittals—

"WITNESS: No, sir.

"JUDGE RIVES: —do you get paid a fee at all?

"WITNESS: No, sir; I don't have —I haven't received a fee.

"JUDGE RIVES: Whenever you acquit?

"WITNESS: Yes, sir."

It further appeared from the record in this case that the fine and forfeiture fund for the payment of fees in cases in which the defendant was acquitted (Code of Alabama, Recompiled 1958, Title 13, sec. 418) is inadequate to pay the defendant's fees should he acquit Hulett.

It has long been settled that,

" * * * it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case."

Tumey v. State of Ohio, 1927, 273 U.S. 510, 523, 47 S.Ct. 437, 441.

A writ of injunction will issue permanently restraining and enjoining the defendant Justice of the Peace from trying the plaintiff on the charge of reckless driving now pending against the plaintiff.