George **KELLEY** et al., Plaintiffs,

v.

George C. **WALLACE**, as Governor of the State of Alabama, **Richmond Flowers**, as Attorney General of the State of Alabama, and **E. H. Graves, Jr.**, as Recorder and Mayor of the City of Eufaula, Alabama, Defendants.

**Civ. A. No. 2446–N.**

United States District Court
M. D. Alabama, N. D.
Aug. 8, 1966.

Robert W. Ostrow and Donald A. Jelinek (Lawyers Constitutional Defense Committee), Selma, Ala., and Solomon S. Seay, Jr., Gray & Seay, Montgomery, Ala., for plaintiffs.

No appearances for defendants.

### ORDER

JOHNSON, Chief Judge.

Plaintiffs present to this Court on this date their complaint alleging, among other things, that in August, 1965, they, together with others, were arrested by the authorities of the City of Eufaula, Alabama, and charged with violating Title 14, § 412 of the Code of Alabama.[1] These plaintiffs posted their appearance bonds, and filed a petition for removal of their cases from the Recorder's Court of the City of Eufaula to this court pursuant to Title 28, § 1443, United States Code. After a hearing in this court in criminal case No. 11,761–N and on March 11, 1966, this Court remanded those cases to the Recorder's Court.

---

1. "§ 412. *Remaining after warning.*— Every person who shall remain present at the place of any unlawful assembly, after having been warned to disperse by a magistrate or public officer, unless as a public officer or at the request of any such officer, he is assisting in dispersing the same, or in protecting persons or property, or in arresting offenders, shall be guilty of a misdemeanor."

344

Cochran, et al. v. City of Eufaula, 251 F.Supp. 981.[2]

Upon remandment, trial of these cases was scheduled for the Recorder's Court in the City of Eufaula on April 25, 1966. The plaintiffs in the case now presented to this Court failed to receive notice, and their bonds were forfeited. Approximately 59 of the defendants whose cases were remanded by this Court were tried in Recorder's Court for violating Title 14, § 412, Code of Alabama, were convicted, and their cases are now on appeal to the Circuit Court of Barbour County, Alabama. The 23 plaintiffs who now ask this Court to enjoin further criminal proceedings in the Recorder's Court of the City of Eufaula, Alabama, and any other court in the State of Alabama, are scheduled to appear for trial on the original charge against them in Recorder's Court on this date.

The plaintiffs in asking this Court to issue a temporary restraining order without notice to the city authorities contend that the statute is unconstitutional on its face for the reason that it is overly broad and vague; that it deprives them of adequate warning and notice, and that it vests public officers with unlimited discretion in determining what constitutes an unlawful assembly.

In the opinion and judgment of this Court, the application for a temporary restraining order and prayer for an injunction as made by the plaintiffs in this case should be denied. This case falls squarely within the prohibition of § 2283, Title 28, United States Code:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Plaintiffs' argument that this case is controlled by Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965), is not persuasive. In Dombrowski, "proceedings" had not yet commenced in the state court within the meaning of § 2283; they were only threatened. In this connection, this Court declines to find that § 1983 is an express exception to § 2283. See Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964). Nor are there extraordinary circumstances in the case now presented that will justify or require this Court's not following the congressional mandate[3] as set out in § 2283 such as were involved in Hulett v. Julian, 250 F.Supp. 208 (M.D.Ala.1966), where this Court enjoined criminal prosecution in the Lowndes County Justice of the Peace Court for the reason that the court had no jurisdiction to determine petitioner's guilt or innocence, and where this Court made a finding prior to granting injunctive relief that the plaintiff was without adequate state remedies. See Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). In the present case, the State of Alabama provides a satisfactory procedure by which these plaintiffs may challenge the constitutionality of the statute involved.

In accordance with the foregoing, and for good cause, it is the order, judgment and decree of this Court that plaintiffs' application for a temporary restraining order, application for a preliminary injunction and request that a three-judge court be constituted to pass on the constitutionality of Title 14, § 412, Code of Alabama, be and each is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.

2. There was no appeal from this Court's remandment. In retrospect, an appeal would have been useless. City of Greenwood, Mississippi v. Peacock, June 20, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

3. "[T]he purpose and direction underlying the provision [§ 2283] is manifest from its terms: proceedings in the state courts should be free from interference by federal injunction." Toucey v. New York Life Insurance Co., 314 U.S. 118, 132, 62 S.Ct. 139, 143, 86 L.Ed. 100, 1941.