Mrs. Louise Tucker **BENNETT**, Mr. James Robertson, Mr. Julian May Jackson, suing by his mother and next friend, Mrs. Corine Jones, each individually and on behalf of all others similarly situated, Plaintiffs,

v.

The Honorable D. S. **COTTINGHAM**, George E. Dailey, Glen Tibbs, Louie Boggs, Lloyd Rowe, Alice Pratt, Clifford Ward, Freeman Murphy, Justices of the Peace in Bibb County, Alabama; the Honorable Harold Dailey, Sheriff of Bibb County, Alabama; the Honorable MacDonald Gallion, Attorney General of the State of Alabama; the Honorable George White, County Solicitor of Bibb County, Alabama, et al., Defendants.

Civ. A. No. 67–640.

United States District Court
N. D. Alabama, W. D.

June 27, 1968.

Judgment Affirmed Jan. 13, 1969.

See 89 S.Ct. 554.

Harvey M. Burg and Oscar W. Adams, Jr., Birmingham, Ala., and Norman C. Amaker, William L. Robinson and Jack Greenberg, New York City, for plaintiffs.

MacDonald Gallion, Atty. Gen., for the State of Alabama, and Martin Mooneyham and Robert P. Bradley, Asst. Attys. Gen., Montgomery, Ala., for defendants.

Before GODBOLD, Circuit Judge, and GROOMS and ALLGOOD, District Judges.

GROOMS, District Judge:

Plaintiffs are Negroes and bring this action on their own behalf and on behalf of all other persons similarly situated, both as Negroes and as non-resident motorists, pursuant to Rule 23 F.R.Civ.P. The jurisdiction of the Court is grounded in Sections 1343 and 2201 of Title 28 U.S.C. The suit is filed under Title 42 U.S.C. § 1983 to prevent the deprivation under color of State laws of rights, privileges and immunities secured by the Constitution of the United States, and particularly by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution.

Plaintiffs challenge the constitutionality of Sections 96 and 97 of Title 11, Section 418 of Title 13, and Section 53 of Title 36 of the Code of Alabama, 1940.

Plaintiffs are duly licensed motorists residing outside of Bibb County, Alabama. Plaintiff Mrs. Louise Tucker

Bennett was arrested for speeding on May 21, 1967, and was fined by defendant D. S. Cottingham, a Justice of the Peace of Beat 4, Bibb County.

Plaintiff Julian May Jackson was arrested for speeding on September 8, 1967, and was fined by George E. Dailey, Justice of Peace of Bibb County at West Blocton.

Plaintiff James Robertson was arrested on November 12, 1967, gave bond in the amount of $100.00, and was cited to appear before Justice Dailey on November 18, 1967. He did not appear; his bond was subject to forfeiture, and he was subject to arrest at the time of the institution of this action. All of these arrests were made by deputy sheriffs of Bibb County. Upon the hearing herein each plaintiff denied that he or she was speeding.

Other than Cottingham and Dailey, Justices of the Peace Glen Tibbs, Louie Boggs, Lloyd Rowe, Alice Pratt, Clifford Ward and Freeman Murphy are defendants herein. Harold Dailey, Sheriff of Bibb County, George White, Solicitor of that County, MacDonald Gallion, Attorney General of the State of Alabama, L. S. Moore and James Hare, Circuit Judges of the Fourth Judicial Circuit, are also parties defendant.

Sheriff Dailey has a staff of three full-time deputies and one part-time deputy, a bookkeeper and a jailer. Except for $50.00 per month which he receives for services rendered respecting elections, he is on a fee basis. If he or his deputies make an arrest and the case goes to the Circuit Court, or is appealed from a Justice of the Peace to that court, he is paid the statutory fees (Title 11, § 100) whether or not there is a conviction. If a case goes before a Justice of the Peace and is there disposed of, he is paid the statutory fee only if a conviction is obtained. If there is an acquittal he receives no compensation. One-third or more of his total fees are received from the various Justices of the Peace in Bibb County. There are eight Justices with like authority in the County, but two or three of these try no cases. One

appears to act solely as a collector of accounts. The sheriff receives no fees on arrest by the Alabama Highway Patrol. On a conviction one deputy is paid two dollars per case, another one dollar per case over 100 cases in addition to a salary. Another deputy is compensated on a salary basis.

Defendant George E. Dailey, who is an uncle of Sheriff Dailey, has been Justice of the Peace since 1952. He receives three dollars a case when a party is convicted, but receives no fee when there is an acquittal. In October 1967, he heard 26 cases, four or five of which resulted in acquittals. In November 1967, he heard 37 cases, 32 or 33 of which resulted in convictions. There were no acquittals for the violations of the highway laws for those months.

Defendant D. S. Cottingham assumed office May 2, 1967. Since that time there have been 633 convictions for all offenses in his court. Forty cases were nol prossed. If a case is not made out, there is a nolle prosequi rather than an acquittal. Ninety percent or more of his convictions are for violations of the highway laws. During the period of his incumbency there have been 61 convictions on arrests made by Alabama State Troopers. The troopers are salaried employees of the State and receive no fees.

The evidence establishes the fact that other Justices of the Peace in Bibb County who handle cases follow the same general procedure as that followed by Cottingham and Dailey and receive the same emoluments upon convictions, but not upon acquittals.

Cases in the Justices Court of Bibb County have pyramided since 1962. In 1967 there were 2302 cases involving motorists, 1739 of which were non-residents of the County. A small number only of these were actually tried. A sampling of 529 cases revealed only one trial. Six hundred ninety eight Negroes were involved in these cases.

Bibb County is intersected by Alabama Highway 5, and U.S. Highways 11 and 82. These are heavily travelled, especially on the weekends. Bibb County had

**762**

a population of 14,440 according to the 1960 census. The evidence does not disclose whether the arrests or convictions of Negroes were out of proportion to the arrests or convictions of whites.

■■■ Section 53 of Title 36 provides that all fines and forfeitures collected for violations of the highway laws other than those collected in municipalities of more than 2,000 population shall be forwarded to the State Treasurer and credited to the Highway Patrol fund. Under Section 53(1) it is provided that where the persons convicted have been arrested by the sheriff, or his deputies, or by any other county or municipal law enforcement officer, the fines and forfeitures collected shall be paid into the fine and forfeiture fund of the counties or into the general fund of the counties where there are no fine and forfeiture funds. Plaintiffs have failed to establish any constitutional invalidity in the application of these sections. Certainly no such appears from their face.

■■ Section 418 of Title 13 authorizes a Justice of the Peace to deduct from fines and forfeitures collected by him the amount due for his fees in cases in which the defendant was acquitted, a sum not to exceed fifty dollars for any calendar month. But as conceded by plaintiffs this section has been held not applicable to fines and costs for violations of highway laws. Ala.Atty.Gen. Quar.Rep., Jan.–Mar.1939, p. 63, Oct.–Dec.1939, p. 78. See Hulett v. Julian (M.D.Ala.), 250 F.Supp. 208. Only highway violations are here involved. Where no right is brought within the actual or threatened operation of a statute, consideration of its constitutionality will not be undertaken. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989; 16 C.J.S. Constitutional Law § 94, at 313 et seq. Consequently, the Court declines to adjudicate the constitutionality of this section.

Section 96 of Title 11 fixes the fees for various services of Justices of the Peace. Section 97 provides for their taxation as costs and their collection by execution where no appeal is taken to the circuit court. No provision is made for the assessment and collection of costs where there is an acquittal or disposition other than on conviction. On the contrary it is noted that Section 83(b) provides that:

"[I]n all trials in the circuit court, or county court, or court of like jurisdiction—*except justice of peace court and courts in lieu of justice of peace courts whose jurisdiction in criminal cases is limited to the jurisdiction of justice of peace courts*, where the state fails to convict, or the indictment abates or is nolle prossed or withdrawn and filed, the fees of the sheriffs and clerks of the court and the state's witnesses shall be paid out of the fine and forfeiture fund * * *." (Emphasis supplied)

Since no provision of law is made for the payment of the fees of Justices of the Peace on charges based upon highway violations in the event of an acquittal or nolle prosequi, Justices of the Peace must go unremunerated unless they convict. The scales of justice are thereby weighted on the side of a conviction. Such a situation is interdicted by the decision in Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, where it was said:

"[I]t certainly violates the Fourteenth Amendment, and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case.

"The mayor of the village of North College Hill, Ohio, had a direct, personal pecuniary interest in convicting the defendant who came before him for trial, in the $12 of costs imposed in his behalf, which he would not have received if the defendant had been acquitted. This was not exceptional, but was the result of the normal operation of the law and the ordinance."

See Hulett v. Julian, supra, where *Tumey* was applied under similar facts to those here involved.

No constitutional infirmity appears from the face of Sections 96 and 97. However, "a statute not objectionable on its face may be adjudged unconstitutional because of its effect in operation." 16 C.J.S. Constitutional Law § 97, at 353; United States v. National Dairy Products Corporation, 372 U.S. 29, 36, 83 S.Ct. 594, 9 L.Ed.2d 561; and Lightfoot v. State, 64 So.2d 261 (Fla.). If there was no area in which Sections 96 and 97 could have a constitutional application, it would follow that these sections would be adjudged unconstitutional. But presuming, as we must, the constitutionality of Section 418 of Title 13 until there is an adjudication of its unconstitutionality, Sections 96 and 97 could have an area of constitutional application in relation to Section 418, which as we have noted is without application to cases involving violations of highway laws. With respect to cases of alleged violations of the highway laws, Sections 96 and 97 cannot be constitutionally applied, for in application they give the Justice of the Peace "a direct, personal, substantial pecuniary interest" in convicting the defendant.

Plaintiffs ask us to extend the doctrine laid down in Tumey v. State of Ohio, supra, to fees of the sheriff and his deputies. In short they contend that these officers furnish "the grist for the mills," but there is no averment or proof of conspiracy between these officers and the Justices of the Peace or other judicial officers with jurisdiction in Bibb County.

A section of the ordinance in *Tumey* provided that detectives and secret service officers should receive compensation for their services in securing evidence necessary to secure convictions, in an amount equal to 15% of the fines collected. The only reference in the opinion that could have application to this provision was the statement of the court that:

"It is further said with truth that the Legislature of a state may and often ought to stimulate prosecutions for crime by offering to those who shall initiate and carry on such prosecutions rewards for thus acting in the interest of the state and the people. The Legislature may offer rewards or a percentage of the recovery to informers. United States v. Murphy & Morgan, 16 Pet. 203, 10 L.Ed. 937. It may authorize the employment of detectives."

We have been cited to no authority that would subject the sheriff and his deputies respecting their fees to the doctrine of the *Tumey* case. Although the above observation by the court does not in terminology include sheriffs and their deputies, there is an implication that points in that direction. Under the facts of this case we decline to extend *Tumey* to include the sheriff and his deputies.

For the reasons stated in Hulett v. Julian, supra, 28 U.S.C.A. § 2283 does not bar this Court from enjoining defendant Justices of the Peace.

A decree will be entered in favor of the plaintiffs and all motorists similarly situated and against the defendants, who are Justices of the Peace. A dismissal on the merits will be entered as to the other defendants.

## JUDGMENT

Pursuant to the opinion filed herein in lieu of formal Findings of Fact and Conclusions of Law under Rule 52 F.R. Civ.P.;

It is ordered, adjudged, decreed and declared as follows:

1. That Sections 96 and 97 of Title 11, Code of Alabama, 1940 be and the same are hereby held to be unconstitutional in their application to fines and costs assessed and taxed and forfeitures entered upon charges of alleged violations of the highway laws of Alabama.

2. That the defendants, D. S. Cottingham, George E. Dailey, Glen Tibbs, Louie Boggs, Lloyd Rowe, Alice Pratt, Clifford Ward, and Freeman Murphy, as Justices of the Peace in Bibb County, Alabama, their successors in office, their agents, servants, employees and attor-

neys, and those persons in active concert or participation with them, be and each of them is hereby enjoined from trying (which includes accepting pleas of guilty or forfeitures of appearance or other bonds) any cases, future or pending, of alleged violations of the highway laws of Alabama.

3. That this action as to the defendants, Harold Dailey, Sheriff of Bibb County, Alabama; MacDonald Gallion, Attorney General of Alabama; George White, County Solicitor of Bibb County, Alabama; L. S. Moore and James Hare, Judges of the Fourth Judicial Circuit of Alabama, be and the same is hereby dismissed on the merits.

4. That costs of this action are taxed against the defendants named in paragraph 2 hereof.