**K. Louis MELIKIAN, Plaintiff,**

**v.**

**Honorable Richard A. AVENT, Justice of the Peace, District 1, Lafayette County, State of Mississippi, Defendant**

**No. WC 6619.**

United States District Court
N. D. Mississippi, W. D.

June 9, 1969.

Michael J. Horowitz, New York City, for plaintiff.

Peter M. Stockett, Jr., Asst. Atty. Gen., Jackson, Miss., William R. Lamb, Falton O. Mason, Oxford, Miss., for defendants.

Before COLEMAN, Circuit Judge, RUSSELL and SMITH, District Judges.

PER CURIAM:

Plaintiff Melikian seeks by this action to have the Court declare unconstitutional the Justice of the Peace Courts in Mississippi.

The facts forming the basis for this action, as revealed by the record, show that on October 1, 1965, Melikian ordered twenty red and white roses from the Flower Mart, Oxford, Mississippi, for which he was charged the sum of $13.06. The roses were not satisfactory to Melikian and he refused to pay for them.

The Flower Mart instituted an action against Melikian in the Justice of the Peace Court of defendant Avent, in District One, Lafayette County, Mississippi. The suit was returnable March 25, 1966. At the appointed time Melikian and his attorney appeared before the Court and secured a continuance until April 22, 1966, at which time a further continuance to May 13, 1966, was granted at the request of Melikian's counsel. The case was set for trial at ten o'clock in the forenoon. The attorney for the Flower Mart appeared before the Court, but Melikian's attorney, when called about the case, informed the Court that he could not attend the trial. Judgment by default was entered against Melikian and he was assessed with the cost amounting to $9.00, five dollars of which consisted of a fee for Avent.

On May 18, 1966, five days after the entry of the judgment, and five days before the expiration of his statutory time within which to appeal to the Circuit Court of the county, Melikian brought this action to enjoin Avent from issuing any writ or taking any action to execute the judgment against Melikian. A temporary restraining order was issued by the Court, and a Three-Judge Court constituted to consider the constitutionality of the Justice of the Peace Courts in Mississippi.

This action is before the Court on the record herein, including motion to dismiss, motion for a summary judgment by plaintiff, affidavits, and briefs.

At the very outset the Court is faced with 28 U.S.C. § 2283 which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

As the Court has determined that the state statutes concerning the Justice of the Peace Courts are not unconstitutional, it will not be necessary to decide this issue.

The Justice of the Peace is a constitutional office in Mississippi.[1] The constitutional provisions are implemented by statute.[2] The compensation of Justices of the Peace is derived from fees for specific services rendered. In civil cases pending in his court a Justice of the Peace is allowed a fee of $5.00, to be paid by the losing party.[3]

Venue in a suit in the Justice of the Peace Court may be in more than one court. Plaintiff contends that since this is the case, Justices of the Peace favor plaintiffs by whom civil suits are instituted in order to encourage patronage, hence a Justice of the Peace has a financial interest in civil suits which makes him incompetent to try such cases. The fact that a defendant may appeal to the Circuit Court of the county, by making an appeal bond,[4] and have a de novo trial, does not cure the defect of an unconstitutional court, so argues the plaintiff.

Mississippi statutes provide that either party in a civil action in a Justice of the Peace Court may have his case tried by a jury of six persons competent to serve as jurors in the Circuit Court.[5]

Plaintiff also contends that the Justice of the Peace Courts are not constitutional because the Mississippi statutes do not require that a Justice of the Peace shall be an attorney or a person trained in the law.

Plaintiff's argument that the Mississippi Justice of the Peace Courts are unconstitutional and that he was deprived of rights, privileges and immunities guaranteed to him by the due process clause of the Fourteenth Amendment to the Constitution, and 42 U.S.C. § 1983 (1958) must fail when considered in the light of the facts of this case.

Plaintiff relies mainly on two cases, Tumey v. Ohio, 273 U.S. 510, 47 S.Ct.

437, 71 L.Ed. 749, and Hulett v. Julian, D.C., 250 F.Supp. 208. Neither of these cases is controlling here. *Tumey* involved a criminal case in which the mayor of a city had a financial interest in the outcome of the case, because he collected his fee only if defendant was convicted. He received no compensation in case of acquittal. The Court concluded on the facts of the case:

> "From this review we conclude that a system by which an inferior judge is paid for his service only when he convicts the defendant has not become so embedded by custom in the general practice, either at common law or in this country, that it can be regarded as due process of law, unless the costs usually imposed are so small that they may be properly ignored as within the maxim 'de minimis non curat lex.'" (273 U.S. 531, 47 S.Ct. 444)

*Hulett* is to the same effect. There the Justice of the Peace system in Alabama was at issue. The facts were that the Justice of the Peace did not receive any compensation unless the defendant was convicted.

■ In the case sub judice the Justice of the Peace received his fee regardless of the outcome of the case. The argument that the officer must favor the plaintiff in order to secure the business does not impress the Court as having merit. Counsel does not refer the Court to any authority to sustain this assertion and the Court has found none on independent research.

If this argument has merit, however, it is entirely dissipated, when it is shown that Melikian could have obtained a jury to try the issues involved in his suit. Any prejudice to which he might have been subjected by Avent is cured and

1. Art. 6, § 171, The Constitution of the State of Mississippi, adopted November 1, A.D., 1890.

2. Title 10, Chapter 10, Mississippi Code 1942, Annotated, § 1803 et seq.

3. Section 3940, Mississippi Code, 1942, Recompiled, as amended.

4. Sections 1198 and 1201, Mississippi Code, 1942, Recompiled.

5. Sections 1836 and 1839, Mississippi Code 1942, Annotated.

due process is obtained by the right to a jury trial.

The contention that the Justice of the Peace Court is unconstitutional because a Justice of the Peace may be a person who is not trained in the law is unique and of no merit. In support of his arguments on this point counsel cites several cases which involved the right of a defendant to effective counsel in a criminal case, including Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and MacKenna v. Ellis, 280 F.2d 592 (5 Cir., 1960), modified on an en banc hearing, 289 F.2d 928 (1961). To assert that the Justice Court, which has a limited civil jurisdiction of $200.00, and final criminal jurisdiction of misdemeanor cases only, must be presided over by a person trained in the law, if it is to meet constitutional standards, is novel indeed. The Court can find no justification for such a determination.

The Court finds that there has been no denial to plaintiff of due process in this case. He was afforded ample opportunity to defend the suit in the Justice of the Peace Court. Instead of defending the case in that court he elected to bring this action to enjoin the enforcement of a default judgment. In the Justice Court, he had the right of trial by a jury, selected according to law. The Justice of the Peace could not have entered a judgment contrary to the verdict of the jury. There is no place in such a procedure for the Justice of the Peace to exercise prejudice or bias in favor of any person selecting his court as a forum for his grievance. The fee arrangement is without prejudice to either party. The losing party is taxed with the cost of the suit.

In sum, plaintiff's action is without substance and should be dismissed at his costs. The restraining order heretofore entered herein should be dissolved, and plaintiff's motion for a summary judgment denied.

An order will be entered herein, dismissing the action at plaintiff's costs,

dissolving the restraining order heretofore entered herein by the requesting judge, remanding the cause to the United States District Court for the Northern District of Mississippi for such further action by the District Judge as may appear proper.