**Eddie L. CALLAHAN et al., Plaintiffs,**

v.

**Roy SANDERS, as State Comptroller, et al., Defendants.**

Civ. A. No. 3374–N.

United States District Court, M. D. Alabama, N. D.

Sept. 7, 1971.

Morris S. Dees, Jr., and Joseph J. Levin, Jr., Montgomery, Ala., for plaintiffs.

William J. Baxley, Atty. Gen., and Leslie H. Hall, Asst. Atty. Gen., State of Ala., Montgomery, Ala., for defendants Roy Sanders, Walter L. Allen, John C. McBride, L. J. Smith, Ray C. Stephens, and for certain other Justices of the Peace not named.

L. H. Walden and Jasper Roberts, Montgomery, Ala., for defendants J. W. Baggett, Donald Scott and other Justices of the Peace not named.

Harry Raymon, Russell, Raymon & Russell, Tuskegee, Ala., also for Donald Scott.

Ralph R. Banks, Jr., Eutaw, Ala., J. Earl Smith, Dothan, Ala., Paul J. Hooton, Roanoke, Ala., C. Neal Pope and Charles Floyd, Pope & Floyd, Phenix City, Ala., Walter J. Merrill, Knox, Jones, Woolf & Merrill, Anniston, Ala., Kenneth R. Cain, Ozark, Ala., John B. Crawley, John W. Gibson, Troy, Ala., Taylor Wilkins, Jr., C. Lenoir Thompson, Kenneth Cooper, Bay Minette, Ala., T. R. Ward, Abbeville, Ala., and Richard H. Poellnitz, Greensboro, Ala., for other Justices of the Peace.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

JOHNSON, Chief Judge.

■ Plaintiffs in this case comprise a class of individuals who were fined on or after January 13, 1969, by Alabama Justices of the Peace for violations of Alabama's highway laws. Pursuant to Rule 23, Federal Rules of Civil Procedure, plaintiffs have brought this class action against all Justices of the Peace of Alabama, all sheriffs of Alabama in whose jurisdictions Justice of the Peace Courts are situated, George C. Wallace as Governor of Alabama, Agnes Baggett as Treasurer of Alabama,[1] Roy Sanders as State Comptroller,[2] and Walter L. Allen as the Director of the Department of Public Safety for the State of Alabama. Plaintiffs seek to have their convictions in Justice of the Peace Courts set aside and injunctions entered against defendant Justices from hearing any pending or future traffic cases, and against defendant sheriffs and defendant Allen and his state troopers from assigning any such future cases to Justice of the Peace Courts. Plaintiffs further seek restitution of all fines paid by them to Justices of the Peace for traffic violations, punitive damages from those Justices, and compensatory damages

---

1. By order issued in open court on August 11, 1971, the complaint against defendants Wallace and Baggett was dismissed for failure to state a claim. The only allegation made as to defendant Wallace is that he continues to fill Justice of the Peace vacancies and thereby contributes to the deprivation of plaintiffs' constitutional rights. Because jurisdiction of Justice of the Peace Courts extends beyond traffic and criminal cases, however, Wallace's appointments are warranted. The only allegation made as to defendant Baggett is that she continues to collect fines paid to the Justices and to deposit these fines in the state treasury.

2. By order made and entered August 10, 1971, the State of Alabama was dismissed as a party defendant, and State Comptroller Roy Sanders was added. The complaint against Justice of the Peace Herman D. Daughtry of Macon County also has been dismissed. Daughtry was a Justice of the Peace for only one week of the time involved here, and in that time he tried no traffic cases.

from all defendants. Finally, plaintiffs request an award against defendants for attorneys' fees.

This suit has been filed under Title 42, Section 1983, United States Code, to prevent the deprivation under color of state law of due process and other rights secured by the Constitution of the United States. Jurisdiction is grounded in Title 28, Section 1343. Upon a hearing of this cause, the parties presented evidence, both oral and documentary, and the case is now submitted upon the pleadings, the evidence and the briefs of the parties.

In 1966, Alabama's statutory scheme by which Justices of the Peace hear and determine alleged violations of highway laws was adjudged to be violative of federal constitutional rights. Hulett v. Julian, 250 F.Supp. 208 (M.D.Ala.1966) (three judges). In a similar holding on July 2, 1968, the court in Bennett v. Cottingham, 290 F.Supp. 759 (N.D.Ala. 1968) (three judges), ruled that defendant Justices of the Peace, in trying such cases, violated plaintiffs' rights under Title 42, Section 1983, United States Code. That court decided also that the Alabama statutory scheme could not be applied constitutionally to traffic cases because it gave the Justices a direct pecuniary interest in convicting the defendant.[3] On January 13, 1969, the United States Supreme Court affirmed the Cottingham decision. Bennett v. Cottingham, 393 U.S. 317, 89 S.Ct. 554, 21 L.Ed.2d 513 (1969).

Both Hulett and Cottingham were well publicized throughout the state. Nevertheless, Alabama sheriffs and state troopers continued to assign traffic cases to Justice of the Peace Courts, and the Justices continued to hear and determine the cases. The named plaintiffs and several hundred members of plaintiffs' class were tried, convicted and fined for traffic violations by the defendant Justices subsequent to Hulett and Cottingham. On July 2, 1971, these plaintiffs filed suit on behalf of themselves and all others similarly situated.

Defendants in answer to the bill of complaint assert that this action is barred by plaintiffs' failure to exhaust their state remedies. It is clear, however, that Section 1983 provides a cause of action which may be pursued in federal court regardless of available state remedies. Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Scott v. Davis, 404 F.2d 1373 (5th Cir. 1968). It also avails defendants nothing that plaintiffs took no appeal from their convictions in

---

3. Bennett v. Cottingham, 290 F.Supp. 759 (N.D.Ala.1968), analyzed this statutory scheme as follows:

"Section 96 of Title 11 [Code of Alabama (1940) (Recomp.1958)] fixes the fees for various services of Justices of the Peace. Section 97 provides for their taxation as costs and their collection by execution where no appeal is taken to the circuit court. *No provision is made for the assessment and collection of costs where there is an acquittal or disposition other than on conviction.* [Emphasis supplied.] On the contrary it is noted that Section 83(b) provides that:

"'[I]n all trials in the circuit court, or county court, or court of like jurisdiction—*except justice of peace court and courts in lieu of justice of peace courts, whose jurisdiction in criminal cases is limited to the jurisdiction of*

*justice of peace courts,* where the state fails to convict, or the indictment abates or is nolle prossed or withdrawn and filed, the fees of the sheriffs and clerks of the court and the state's witnesses shall be paid out of the fine and forfeiture fund * * *.' (Emphasis supplied)

"Since no provision of law is made for the payment of the fees of Justices of the Peace on charges based upon highway violations in the event of an acquittal or nolle prosequi, Justices of the Peace must go unremunerated unless they convict. The scales of justice are thereby weighted on the side of a conviction."

The Alabama statutory scheme by which justices collect their fees in traffic cases has not been altered since the Cottingham decision.

the Justices' courts. In Hulett v. Julian, supra, while finding that plaintiffs' rights could not be vindicated adequately by appeal, the Court said:

"There is no provision for review of the legality of the proceedings before the Justice of the Peace upon appeal . . . We do not think that the plaintiff can be required to submit to an unconstitutional trial as a prerequisite to being accorded a valid trial *de novo.*" 250 F.Supp. at 209–210.

As to plaintiffs' claim for injunctive relief, defendants argue that this cause is moot because they have voluntarily ceased trying alleged violations of highway laws. But a voluntary cessation of allegedly illegal conduct does not render the case moot. United States v. W. T. Grant Co., 345 U.S. 629, 73 S. Ct. 894, 97 L.Ed. 1303 (1953). Furthermore, defendants terminated their involvement in traffic cases only after this suit was initiated. Such a last minute change is extremely suspect to say the least. Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648 (4th Cir. 1967). Absent a judicial order, the Justices are free to return to their old ways. Thus, a finding of mootness would be improper.

It is settled law that one is denied due process when he is subjected to the scrutiny of a judge who has a direct pecuniary interest in his conviction, Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Bennett v. Cottingham, supra; Hulett v. Julian, supra, and Section 1983 is violated even though the judge had no specific intent to deprive plaintiff of constitutional rights. See, Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969). The relevant statutes give Alabama Justices of the Peace such an interest. Bennett v. Cottingham, supra. By trying plaintiffs' traffic cases, the defendant Justices deprived them of constitutional rights, and injunctive relief, therefore, is warranted. For reasons

specified in Hulett v. Julian, supra, this Court is not barred from enjoining even pending cases in Justice of the Peace Courts. The principles in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971), as applied to the facts in this case, do not constitute authority to the contrary.

Plaintiffs further contend that as a part of their equitable relief, they are entitled to a refund of their fines. As support for this contention, plaintiffs rely upon Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), a case in which Negro school teachers, having been dismissed from their jobs, alleged a violation of their civil rights under Section 1983, and prayed for reinstatement and back pay. In holding that a jury trial was improper, the Court said that the claim for back pay was an integral part of the equitable remedy of reinstatement. Plaintiffs argue that a logical application of this doctrine requires that they be reimbursed the money paid by them in fines to the Justices of the Peace. This Court is unwilling to proceed on that theory.

In *Harkless*, plaintiffs had been made to suffer a loss of salary solely because they were Negroes, and they in no way contributed to their own injury. That situation is far different from the present one where both black and white plaintiffs were arrested for highway law violations and paid fines to Justices of the Peace. It has long been settled that when one pays a fine voluntarily under a mistake of law, that fine cannot be recovered unless payment was induced by the fraud or the undue advantage of the one receiving it. Deppe v. Lufkin, 116 F.2d 483 (1st Cir. 1940); Blumenthal v. United States, 4 F.2d 808 (S.D.Cal. 1925); Miami v. Keton, Fla., 115 So.2d 547 (1959). The evidence presented reflects that the named plaintiffs were guilty as charged. It must be assumed that most, if not all, of the members of plaintiffs' class also committed the offenses for which they were charged.

There is no contention to the contrary. Thus we find plaintiffs and the members of their class pleading guilty and paying fines for highway offenses when they were guilty in fact and were disposing of their misdemeanor cases as expeditiously and conveniently as possible. The fines were not paid because of fraud on the part of the defendants; at the time of their arrests, plaintiffs and their class members were not interested in the constitutionality of Alabama's Justice of the Peace statutory scheme.

Plaintiffs contend, further, that defendant Justices of the Peace knew, or should have known, that they had no jurisdiction to try traffic cases; that, therefore, plaintiffs' payments were not made under a mistake of law and involuntariness should be presumed. This argument must fail. The evidence demonstrates that although the statutory scheme upon which Justices base their fees had been declared unconstitutional before the present plaintiffs were tried in Justice of the Peace Courts, confusion has prevailed as to the effect these decisions had on the Justices' traffic jurisdiction. Not only are Alabama Justices of the Peace unlearned in the law, but many are uneducated, and this Court will not impute to them skills in legal analysis. Evidence in this case indicates that the Justices understood *Cottingham* to apply only to Bibb County.[4] No formal opinion on the question of their jurisdiction was ever published by Alabama's Attorney General, and no steps were taken by him to inform the individual Justices that they lacked jurisdiction. Thus, the Justices of the Peace were merely following a statutory scheme that the Alabama legislature had devised and ordered implemented. They were performing their statutory function in the manner authorized by the State of Alabama and, after *Hulett* and *Cottingham*, were doing so without any legal guidance from the Alabama Attorney General.[5] Consequently, this Court finds that the present case falls within the settled rule, and plaintiffs are not entitled to recover the fines paid by them to defendant Justices of the Peace.

 Neither are plaintiffs entitled to compensatory or punitive damages. Aside from their payment of fines, plaintiffs have sustained no actual monetary loss.[6] The general rule as to punitive damages is that they may be imposed if defendant has acted willfully and in gross disregard for plaintiffs' rights. Lee v. Southern Home Sites Corp., 429 F.2d 290 (5th Cir. 1970); Roberts v. Pierce, 398 F.2d 954 (5th Cir. 1968). For reasons hereinabove stated, this Court finds that the action of the Justices in entertaining traffic cases was not willful and, therefore, does not warrant their being subjected to punitive damages.

As to plaintiffs' request to be awarded attorneys' fees against the Justices of the Peace, this Court finds that, tradi-

---

4. Apparently, defendant Justices of the Peace were not the only ones to understand *Cottingham* to apply only to Bibb County. As part of plaintiffs' Exhibit 34, there appears the full text of a news item presented by WKRG T.V., Mobile, Alabama. ". . . the Ruling affects Bibb County only at the present time since Bibb County Justices were named in the suit."

5. MacDonald Gallion was Alabama's Attorney General at the time *Cottingham* was decided. Since the instigation of this suit, the state's present Attorney General, William J. Baxley, has ordered the Director of Public Safety and Alabama's sheriffs to place no more criminal cases in Justice of the Peace Courts.

6. Although some courts have held that nominal damages are proved and recoverable when plaintiff shows that he was deprived of a federal right, Guido v. Schenectady, 404 F.2d 728 (2d Cir. 1968); Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965), this Court refrains from awarding such damages under the present facts. If nominal damages were awarded in the present case, over 50,000 plaintiffs would be entitled to $1.00 each. The cost of administering such an award would far outweigh the miniscule benefit that would accrue to plaintiffs. This Court feels that plaintiffs' rights will be vindicated by the action to be taken in this case, without an actual recovery of nominal damages.

tionally, the courts of the United States have refused such an award to the successful litigant. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). The Supreme Court's action in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L. Ed.2d 1263 (1968), while liberalizing the rule in civil rights cases, continued to leave the matter in cases such as the one *sub judice* to the discretion of the trial judge. In *Piggie Park Enterprises*, the Court indicated that attorneys' fees would not be recoverable if ". . . circumstances render[ed] such an award unjust." [7] Here the circumstances as above set out regarding the lack of education and legal training of the individual Justices, the legislative approval of their actions and the lack of disapproval by the state's chief legal officer, would render such an award unjust. Although it may be that the plaintiffs in prosecuting this action have rendered a public service, an award against the individual Justices of the Peace could serve only punishment purposes. Consequently, this Court, in the exercise of its discretion, declines to make such an award in this case.

■ Plaintiffs also have moved that this Court enter a default judgment against the following Justices of the Peace for failing to answer interrogatories which they were ordered to answer by this Court: Q. L. Bodenhamer, V. L. Bodenhamer, Arrie S. Godwin, L. W. Lacey, George P. Thames, L. L. Reeder, Harris Williams, R. R. Wilkinson, W. I. Gary, H. B. Byars, W. M. Nordon, David E. West, Roy Bradford, Ralph McGough, Jimmy Hollis, Hugh Starling, T. F. Boswell, Robert McGilberry, and Ellie T. Rouse. Because this Court has found plaintiffs entitled to recover no damages, the motion for default judgment is due to be denied. See Moore's Federal Practice ¶ 55.06 (2d ed. 1970). The above-named Justices of the Peace are,

of course, bound in the same manner as the remaining Justices by the Court's order in this cause.

Accordingly, it is the order, judgment and decree of this Court that in any case where the Alabama Justice of the Peace statutory scheme gives such Justices a pecuniary interest in convicting the accused:

1. Defendant Justices of the Peace of Alabama, their successors in office, their agents, employees and those acting in concert with them, be and each is hereby enjoined from trying any cases, future or pending, of alleged violations of the highway laws of Alabama.

2. Defendant Walter L. Allen, as Director of the Department of Public Safety of the State of Alabama, his successors in office, his agents, employees and those acting in concert with him, be and each is hereby enjoined from placing in Justice of the Peace Courts any cases of alleged violations of the highway laws of Alabama.

3. Defendant sheriffs of Alabama, their successors in office, their agents, employees and those acting in concert with them, be and each is hereby enjoined from placing in Justice of the Peace Courts any cases of alleged violations of the highway laws of Alabama.

It is further ordered that:

1. Plaintiffs' requests for a refund of fines paid by them to defendant Justices of the Peace, for compensatory and punitive damages and for attorneys' fees, be and each is hereby denied.

2. Plaintiffs' motion for default judgment against Q. L. Bodenhamer, V. L. Bodenhamer, Arrie S. Godwin, L. W. Lacey, George P. Thames, L. L. Reeder, Harris Williams, R. R. Wilkinson, W. I. Gary, H. B. Byars, W. M. Nordon, David E. West, Roy Bradford, Ralph McGough, Jimmy Hollis, Hugh Starling, T. F. Boswell, Robert McGilberry, and Ellie T. Rouse, be and the same is hereby denied.

7. Lee v. Southern Home Sites Corp., 5th Cir., 1971, 444 F.2d 143, did not change this exception but quoted this language and cited the case approvingly.