

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 2, 1972

Honorable John R. MacLean
County Attorney
Johnson County Courthouse
Cleburne, Texas 76031

Opinion No. M-1258

Re: Whether procedure in
the Justice Courts for
traffic violations are
constitutional where
the law fixes fees for
the justices only in
the event of convic-
tion?

Dear Mr. MacLean:

You have requested an opinion as to whether the procedure
in the Justice Courts of Johnson County, Texas, for traffic
violations whereby justices of the peace are compensated only
in the event of a conviction is constitutional.

You stated in your request that the system of compensation
in Johnson County allows $4.00 to be paid to a justice of the
peace for each conviction, but allows no compensation if the
case is dismissed or an acquital occurs. Such a system of com-
pensation that allows payment only upon a conviction is uncon-
stitutional in the light of Tumey v. State of Ohio, 273 U.S.
510, 47 S.Ct. 437 (1927) which held:

"From this review we conclude that a system
by which an inferior judge is paid for his service
only when he convicts the defendant has not become
so imbeded by custom in the general picture, either
at common law or in this country, that it can be
regarded as due process of law; unless the cost us-
ually imposed are so small that they may be properly
ignored as within the maxim de minimin non curnat
lex."

We presume that a significant part of the income of the
justices of the peace in Johnson County come from the $4.00 a

person conviction fee which would place the practice squarely under Tumey, supra.  That case, went on to say:

> "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law."

This office, in opinion No. C-497 (1965), held that it is within the sole discretion of the Commissioner's Court to determine whether the justices of the peace should be compensated on a fee or salary basis.  However, if the fee system is employed, it is necessary for it to comply with Tumey v. State of Ohio, supra, and its accompanying cases to be lawful.  As was stated in Hulett v. Julian, 250 F.Supp. 208 (N.D. Ala. 1966) in applying the rule of Tumey, supra:

> ". . . it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgments of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case."

Bennett v. Cottingham, 290 F.Supp. 759 (N.D. Ala. 1969), aff'd per curiam, 393 U.S. 317, 89 S.Ct. 554 (1969) directly applied the doctrine of Tumey, supra, and Hulett, supra, in holding that justices of the peace receiving fees in traffic offense cases only in the event of a conviction were acting unconstitutionally in violation of the due process law of the Fourteenth Amendment.

In closing, it is observed that this question could become moot in the future if the voters adopt the proposed amendment of Article XVI of Section 61 of the Texas Constitution.  That proposal, which will be voted on in November of this year, makes it mandatory that counties compensate justices of the peace on a salary basis.

## S U M M A R Y

It is unconstitutional to compensate a justice of the peace only when he convicts the defendant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Tazewell Speer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
James Broadhurst
John H. Richards
Sam Jones

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant