117 So.2d 397

**Rheu McLean FOSDICK**

v.

**James TERRY et al., as Councilmen.**

**1 Div. 859.**

Supreme Court of Alabama.

Tan. 21, 1960.

Collins, Galloway & Murphy, Mobile, for appellant.

Mitchell G. Lattof, Mobile, for appellees.

GOODWYN, Justice.

Appellant, petitioner below, filed in the circuit court of Mobile County a petition for mandamus to require the clerk and councilmen of the city of Prichard to issue him a beer license for off-premises consumption. By amendment, the clerk was stricken as a party. The trial court, after an oral hearing, denied the writ and dis-

missed the petition. This appeal followed. Code 1940, Tit. 7, § 1074.

The petition, to the extent here material, alleges, in short, the following: That on June 10, 1957, the city of Prichard adopted ordinance 704 levying a license on the retail sale of malt or brewed beverages; that petitioner made application for a license thereunder for the retail sale of malt and brewed beverages for off-premises consumption; that he had "complied with all the material parts" of said ordinance 704; that, after an investigation of his application was made, as provided for in § 5 of said ordinance, the city council set a hearing date "to determine whether or not the applicant had fully complied with the restrictions as set out in said ordinance"; that, although petitioner had "fully complied with the provisions of said ordinance the city council in meeting held on Monday, May 4, 1959, voted not to direct the city clerk to issue the petitioner a license as provided for"; that petitioner was issued a license by the Alabama Alcoholic ·Beverage Control Board on December 22, 1958, for the sale of malt or brewed beverages at his place of business for off-premises consumption and that said license is still in full force and effect. Paragraph 6 alleges the following: "That pursuant to the provisions of said ordinance the Council of the City of Prichard set a public hearing, at which hearing the only evidence produced on the character and reputation of petitioner was that shown by affidavits filed by your petitioner certifying and establishing his good character and good reputation, and absolutely no evidence was presented at said hearing to contradict this evidence, and the respondents refused to order the issuance of the license sought either on the ground that petitioner was not of good character and reputation, or they refused to order the issuance of said license without any lawful reason, and petitioner further alleges and avers that their failure to order the issuance of said license amounted to a gross and palpable abuse of discretion, in that petitioner is of good character and reputation and has fully complied with all material parts of the ordinance of the City of Prichard regulating the sale of beer from his place of business for off-premises consumption."

The respondents (appellees) made answer "to the petition and alternative writ of mandamus in this cause" denying the allegations of the petition and also setting forth the following:

"3. Respondents aver that they acted in good faith and in compliance with said ordinance, that on, to-wit, the 4th day of May, 1959, at 5:00 P.M. at the City Hall in Prichard, Alabama, they held a public hearing as required by said ordinance, that a large delegation of residents of the area of the petitioner's proposed place of business were present and heard in protest to the issuance of the license to the petitioner, that said delegation presented a petition to the City Council opposing the issuance of the said license to petitioner, that said protests and petition were considered by the respondents on the question of the good character and reputation of the applicant, that said petitioner at said hearing offered no evidence contrary to said protests, and that at the conclusion of said hearing, the respondents in good faith denied the issuance of said license."

As we understand it, the position taken by appellant is that he met all the requirements of the ordinance and, hence, is entitled to a license as a matter of right. In other words, says appellant, the issuance of a license, under the circumstances, called for nothing more than ministerial action by appellees with no room for the exercise of judgment or discretion in the matter. As against this, appellees deny that appellant met all the requirements of the ordinance; that, at the hearing on the application, they heard verbal protests and received a written pe-

**228**

tition against the issuance of the license; that they considered said protests and petition on the question of the character and reputation of appellant (the ordinance providing, as one of the conditions to issuance of a license, that an applicant "must be of good character and reputation") thus calling for exercise by them of judgment and discretion as to whether the license should be issued.

We limit our discussion to this one feature of the case, since we consider it determinative of this appeal.

It seems clear to us from the evidence offered in the trial court, including the stipulations of the parties as to what occurred at the meeting of the city council, that there was no evidence before that body on which there could be based a finding that petitioner was not of good character and reputation. Petitioner presented affirmative evidence to the contrary. We do not think either the written or verbal protest made by the residents in the area of petitioner's place of business, when considered in connection with the stipulations made on the trial in the circuit court, furnished any basis for finding that petitioner was not of good character and reputation. There appears to be no question that petitioner complied with the ordinance in all other respects. We think petitioner was entitled to the license as a matter of right since he fully complied with all of the requirements of the ordinance regulating its issuance.

It has been said: "To warrant the issuance of mandamus, not only must there be a legal right in the relator, but, owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy. The writ does not issue in cases where the right in question is doubtful * * *." 34 Am.Jur., Mandamus, § 55, pp. 847–848.

It is our view that the right which petitioner seeks to have enforced is, under the evidence and the stipulations, clear and certain and, to us, does not admit of any reasonable controversy. Accordingly, the judgment appealed from is due to be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.