156 So.2d 647

**Lloyd LASSITER et al., Councilmen, City of Prichard,**

v.

**William Holcombe WERNETH, Jr.**

**1 Div. 148.**

Supreme Court of Alabama.

Sept. 26, 1963.

---

---

Stone & Howard, Mobile, for appellants.

**556**

Collins, Galloway & Murphy, Mobile, for appellee.

LAWSON, Justice.

This is an appeal by respondents from a judgment of the circuit court granting a peremptory writ of mandamus.

Petitioner for mandamus applied to the City of Prichard for a license to sell beer at retail, at a certain location, for off-premises consumption. The respondents are the councilmen of the City of Prichard. Respondents refused to issue the license applied for and petitioner commenced the instant proceeding to require respondents to issue the license. The circuit court awarded the writ and respondents have appealed.

Respondents insist that the court erred in granting the writ for the reason that petitioner, Werneth, failed to meet the requirements as to character and reputation required of licensees by the applicable city ordinance. The ordinance provided, as one of the conditions for issuance of a license, that an applicant "must be of good character and reputation."

The application filed by the appellee, Werneth, with the City of Prichard was accompanied by several affidavits to the effect that he was a man of good character and reputation. However, the application showed on its face that he had been convicted on more than one occasion of violating the prohibition laws.

At the trial of the mandamus proceeding, two witnesses testified that Werneth bore a good reputation and there was no evidence to the contrary presented by the respondents. The trial judge in ordering the issuance of the peremptory writ apparently acted on the theory that the convictions for violating the prohibition laws occurred many years ago and that at the time the application for the license was filed with the City, Werneth then bore a good reputation.

It has been said: "To warrant the issuance of mandamus, not only must there be a legal right in the relator, but, owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy. The writ does not issue in cases where the right in question is doubtful. * * *" 34 Am.Jur., Mandamus, § 55, pp. 847–848; Fosdick v. Terry, 270 Ala. 226, 117 So.2d 397.

We do not believe that the action of the respondent City councilmen should be overridden by the courts, in view of the fact that Werneth, in years gone by, had violated the prohibition laws on numerous occasions, according to his own admission. We view the record as showing that the application for the license on which the respondents acted showed on its face a number of these prior convictions.

In our opinion, Werneth's right to the issuance of the writ of mandamus was at least doubtful. We hold that the peremptory writ should not have issued.

.Reversed and remanded.

GOODWYN, MERRILL and HARWOOD, JJ., concur.