268 So.2d 3

**Gladys CAMPBELL et al.**

v.

**The CITY OF HUEYTOWN et al.**

6 Div. 982.

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 9, 1972.

Ross & Ross and Thomason, Furner & Furner, Bessemer, for appellants.

James H. Weaver, Jr., Birmingham, for appellees.

## PER CURIAM.

This is an appeal from the Circuit Court of Jefferson County, Bessemer Division, by petitioners from a judgment sustaining a demurrer to their petition for mandamus as last amended, and dismissing the petition.

Petitioners allege that they are owners of a tract of real property located in the Bessemer Division of Jefferson County, Alabama; that petitioner, Gladys Campbell, operates a retail convenience store located on this property; that on the 8th day of September, 1971, she was issued a license by the State of Alabama for the off-premise sale of beer in her retail con-

venience store, a copy of which is part of the record; that on the 29th day of November, 1971, Gladys Campbell filed a petition with the Clerk of the City of Hueytown petitioning the Planning and Zoning Commission to rezone this property from B-1 to B-4; that on the 20th day of December, 1971, her petition to rezone was heard by the Planning and Zoning Commission and was denied; that her petition was automatically appealed to the City Council of the City of Hueytown; that on the 3rd day of February, 1972, the petitioner applied to the City of Hueytown for a privilege license for the sale of beer; that on this same day the City Clerk of the City of Hueytown failed or refused to issue to her a privilege license; that on the 2nd day of February, 1972, she filed a notice of appeal with the City Clerk of the City of Hueytown; that petitioners' store sells food stuff and other consumer items which are ordinarily found in a grocery store; that it is the type of business which ordinarily would be allowed to sell off-premise beer; that the petitioner is of good moral character and is in every way qualified under the laws of the State of Alabama to sell beer; that the defendant, City of Hueytown, has a zoning ordinance, a copy of which is part of the record; that this ordinance provides for the zoning of certain retail establishments as B-1 and for the zoning of certain other retail establishments as B-4; that those zoned as B-1 cannot sell beer but those zoned as B-4 can sell beer; that there is no establishment in the City of Hueytown zoned B-4; that said zoning ordinance is arbitrary and capricious and was not enacted in accordance with any comprehensive zoning plan or design, but was enacted solely for the purpose of refusing establishments, otherwise entitled, the right to sell beer; and that said ordinance constitutes an attempt by the City of Hueytown to do indirectly what they could not do directly, that being to forbid by city ordinance the right of a holder of a state license to sell beer off-premise. The petition is sworn to by the petitioner.

The prayer is for the peremptory writ of mandamus requiring the City of Hueytown to cause the proper official or employee thereof to issue a privilege license for the off-premise sale of beer.

Defendants demurred on the ground, among others, that there is no imperative duty on defendants to do the act demanded by the petitioners.

Petitioners assign as error: that the court erred in sustaining the demurrer.

■ The first question presented here is whether or not mandamus will lie to require a municipality to permit the holder of an Alabama Alcoholic Beverage Control Board License to sell beer within the corporate limits of the municipality.

We must answer this question in the affirmative. And for support of our position we rely on the case of State ex rel. Morrow v. Santa Cruz, 252 Ala. 130, 39 So.2d 786, where this court held that the petitioner showed a right to the peremptory writ of mandamus requiring the license officer of the City of Mobile to issue to petitioner a license for the sale of beer where the facts there showed the petitioner to have previously been issued a license for the sale of beer by the ABC Board. We also consider the case of Fosdick v. Terry, 270 Ala. 226, 117 So.2d 397, where there was a petition for mandamus to require issuance of an off-premise beer license. The circuit court denied the writ and this court reversed on appeal holding that the petitioner was entitled to have a license issued as a matter of right. The question there was one of fact concerning the character of the petitioner as required by ordinance; and that the issuance of a license called for nothing more than ministerial action by the defendants.

■ Of course we are not unmindful of the extraordinary character of mandamus and the caution exercised by courts in awarding it. An indispensable requirement for mandamus is the presence of a right in the applicant to the thing applied for.

Mandamus will be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate legal remedy. Leigh v. State ex rel. O'Bannon, 69 Ala. 261, 266. This then leads us to consider the second question presented by appellants in order that we may determine if such a right does in fact exist.

This question is whether or not a municipality may, by zoning or otherwise, prohibit the sale of beer where such sale has been licensed by the State.

We think that it cannot. This court has previously held with a view toward this question that there is no statutory requirement that an application for a beer license have the approval of the municipality affected, nor does the statute in any way confer the veto power on the municipality. Paulson's Steerhead Restaurant, Inc. v. Morgan, 273 Ala. 235, 238, 139 So.2d 330, 333, and cited with approval in Reams v. State ex rel. Clokey, 45 Ala.App. 614, 617, 234 So.2d 893. Also we consider the Opinion of Attorney General of May 29, 1947, Vol. 7, page 171, which was adopted in the *Paulson* case, supra, which said that a city has authority to levy a reasonable license for selling beer but has no authority to prohibit the selling of beer by one legally licensed to do so by the State.

In the instant case it appears that the City of Hueytown, acting through its officials, seeks not to control off-premise sale of beer but rather to prohibit such sale by zoning ordinance. They have failed or refused to issue a privilege license to petitioner on the ground that their zoning ordinance, which is under their ultimate control and supervision by appellate action, restricts such sale to properties zoned as B-4. And they fail to provide any such zones within the corporate limits of the city. We can only conclude that such an arrangement was not proper.

Inasmuch as we have concluded that the salient questions presented by this appeal have now been answered, we are not now disposed to a conclusion of the question relating to the validity vel non of the entire zoning ordinance which the petitioner alleges did not comply with the procedural or substantive requirements of the enabling statute.

Our view is that the right which the petitioner seeks to have enforced is clear and certain. Accordingly, the judgment appealed from is due to be reversed and remanded to the lower court to be acted upon in a manner not inconsistent with this opinion.

The foregoing opinion was prepared by Kenneth F. Ingram, Circuit Judge, acting on temporary assignment to the Supreme Court of Alabama, and adopted by this court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL, and SOMERVILLE, JJ., concur.