FAULKNER, Justice.
Tammy Annette Lord and Willie Knowles petition this Court for a writ of mandamus and pray that the trial judge be ordered to withdraw his order compelling discovery. We grant in part and deny in part.
On March 17, 1979, Angelia Baggett, a minor passenger in a truck driven by Lord, received leg and pelvic injuries when the truck collided with a concrete culvert on County Road # 33 in Escambia County. Suit for damages was filed by Angelia’s father against Lord and her grandfather, Knowles, the owner of the truck. The complaint was bottomed on negligence and wantonness of Lord, and negligent entrustment by Knowles, owner of the truck.
On July 2, 1980, the Baggetts’ lawyer served Lord and Knowles with a request for production of:
(1) Copies of all statements, if any made to their insurance company or any other agent or person regarding the accident that is the basis of the suit in this case.
(2) All photographs, investigative reports and other documents, of any kind, relating to the accident and injuries to the plaintiff in this cause which may be in the possession of the defendants or their insurance carrier.
(3) The names and addresses of all witnesses, that they have knowledge of to the accident.
(4) All medical records, if any, received by the insurance carrier in connection with the injuries to Angelia Baggett.
(5) A copy of the insurance policy insuring the defendants.
When the requested information was not produced, the trial judge, on motion of the Baggetts, entered an order, dated August 25, compelling production. On October 15, an employee of Allstate Insurance Company filed an affidavit stating, principally, that the investigation of the accident was conducted in anticipation of eventual litigation. On November 17, the trial judge entered another order, in effect saying, either produce the requested information or be held in contempt. Lord and Knowles petition this Court for mandamus to have both orders of the trial judge vacated.
As we review it, this case is not totally distinguishable from Ex parte State Farm Mutual Auto Insurance Company, 386 So.2d 1133 (Ala.1980). Based on that authority, we hold that the discovery of all of the requested materials cannot be ordered because the Baggetts have not shown that *292 they have a substantial need of the materials to prepare their case, and that they are unable to obtain the substantial equivalent of the materials by other means.
Here, the Baggetts attempt to show a substantial need and undue hardship because of Angelia’s loss of memory, and Mr. Baggett’s lack of information. We opine that these assertions are insufficient to overcome their burden. Angelia testified in a deposition that in addition to other injuries, she suffered a slight concussion of her head, and doesn’t remember what happened at the time of the accident. Mr. Baggett testified that he had only talked with the insurance adjuster about the accident. In his answer to the petition for mandamus, he alleges that “there is absolutely no other information available to them concerning the accident other than the information that may have been accumulated by the petitioner’s insurance carrier .. .. ”
His adversary says in brief that the Bag-getts have deposed Ms. Lord, Mr. Knowles and the investigating officer, State Trooper Harris. To us, it appears unlikely that the Baggetts could not gain enough information from these witnesses to prosecute their claim.
Next, if it is true, as the Baggetts assert, that Allstate has the medical records in either its possession or its attorney’s possession, then those records must be surrendered to the Baggetts. If, however, the Baggetts either have had or do now have equal access to the medical records, they are not entitled to have an order to produce them.
Finally, under Rule 26(b)(2), ARCP, the Baggetts are entitled to discovery of the insurance policy of Allstate’s insured to determine the existence of coverage only— not the amount of coverage.
The petition for writ of mandamus is granted as to that part of the trial judge’s orders requiring production of the records, and materials other than (1) the insurance policy to determine existence of coverage, and (2) Angelia’s medical records if he finds that the Baggetts do not have equal access to those records. The petition is denied as to item (1) of this order and conditionally denied as to item (2) of this order.
THE PETITION FOR WRIT OF MANDAMUS IS GRANTED IN PART AND DENIED IN PART.
ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.