ADAMS, Justice.
This case involves the application of Rule 34, Alabama Rules of Civil Procedure. Plaintiffs, Bobby Ray Bozeman and Madge Bozeman, seek to discover certain documents in the possession of their insurer, defendant State Farm Fire and Casualty Company (State Farm). The Honorable Newton B. Powell, Circuit Judge for Morgan County, denied plaintiff’s motion for production. They filed a petition in this Court seeking a writ of mandamus to compel the production of three disputed documents.
The issue presented by this petition is: Did Judge Powell abuse his discretion in denying plaintiffs’ Rule 34 motion for production of the documents in dispute? We hold that he did not, and, therefore, we deny the writ.
Plaintiffs insured their home under a policy written by State Farm. They allege that blasting done by defendant Holland and Woodard Company, Inc., in the pursuit of quarrying, damaged their house, created a nuisance, and caused them to suffer various injuries. The incident giving rise to plaintiffs’ cause of action allegedly occurred on September 18, 1980. Plaintiffs reported their claim to State Farm. Defendant Dave Lamon, a claims representative, was assigned to the case. Plaintiffs eventually became dissatisfied with State Farm’s handling of their claim. Apparently, State Farm neither made nor offered a payment. On January 28, 1981, they sued State Farm and Lamon, alleging various causes of action including bad faith refusal to pay under the terms of the policy. Holland and Woodard Company, Inc., later was added as a party defendant.
In dispute are three documents in State Farm’s files. One is a report dated January 17, 1981, from Lamon to State Farm. The second is a memo from Lamon to Harry Dellinger, his superior, dated January 19, 1981. The third is dated February 11, 1981, and is a combined file report from Lamon to Dellinger.
State Farm opposed plaintiffs’ motion to produce as it pertains to those three documents. It argues that all three were prepared in anticipation of litigation and, thus, are not discoverable absent a showing by plaintiffs of substantial need. State Farm insists that the first two documents were prepared after it learned plaintiffs retained an attorney in this matter, and it points out that the last was prepared after suit was filed. Plaintiffs, on the other hand, contend the documents are discoverable. They acknowledge that they made no showing of substantial need under Rule 26(b)(3), A.R. C.P., but insist none was necessary. They theorize that the requested documents might reveal defendant State Farm’s motives in failing to honor their claim. That, plaintiffs argue, goes directly to the issue of whether the claim was denied in bad faith. Under their theory, the requested documents come outside the operation of the substantial need provision of Rule 26(b)(3). Alternatively, they argue that the first two documents were not prepared in anticipation of litigation and are routinely discoverable.
We disagree with plaintiffs’ contention that the documents were routinely discoverable. Although we have meager evidence in the record before us, we are able to conclude that the trial court could find that the requested documents were, in fact, prepared in anticipation of litigation. Because of that, plaintiffs’ motion for production under Rule 34 must be considered in light of Rule 26(b)(3). That rule provides, in pertinent part, that a party seeking discovery of materials prepared in anticipation of litigation must make a showing of “substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Rule 26(b)(3), A.R.C.P. A failure to make out a required showing under Rule 26(b)(3), precludes one from obtaining the discovery sought. Feaster v. American Liberty Insurance Company, 410 So.2d 399 (Ala.1982) (this court noting that impeach *91 ment, if raised, might have justified discovery); Ex parte Lord, 399 So.2d 290 (Ala.1981); Ex parte May, 393 So.2d 1006 (Ala.1981); Ex parte State Farm Mutual Automobile Insurance Company, 386 So.2d 1133 (Ala.1980). Because plaintiffs did not make the required showing of substantial need, the trial court properly denied their request for production of the documents sought.
The requirements for granting a writ of mandamus are well established:
Mandamus is a drastic and extraordinary writ. Folmar v. Brantley, 238 Ala. 681, 193 So. 122 (1939). To grant an individual a writ of mandamus, there must be (a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) a lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked. Ex parte Sykes, 44 Ala.App. 473, 213 So.2d 413 (1968).
Martin v. Loeb and Company, 349 So.2d 9 at 10 (Ala.1977).
More recently, this court stated:
Mandamus is a proper means of review to determine whether a trial judge abused his discretion in limiting a party’s right to discovery. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978). The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful. Lassiter v. Werneth, 275 Ala. 555, 156 So.2d 647 (1963).
Ex parte Dorsey Trailers, Inc., 397 So.2d 98 at 102 (Ala.1981). Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978).
Because we hold that the trial court properly denied plaintiffs’ request for production, there can be no abuse of its discretion. Therefore, plaintiffs are without a clear legal right sought to be enforced. That being the case, plaintiffs are not entitled to their requested writ of mandamus.
WRIT DENIED.
TORBERT, C, J., and FAULKNER, AL-MON and EMBRY, JJ., concur.