BEATTY, Justice.
Petition for writ of mandamus directed to the Honorable Thomas N. Younger to require Judge Younger to issue a protective order for the protection from disclosure of certain documents pertaining to an investigation made on behalf of Royal Globe Insurance Company in connection with an incident made the basis of a legal action. The writ is denied.
Donald E. Boehlert and John Grayson died at the Silver Nitrate Plant of Engel-hard Industries Division of Engelhard Minerals and Chemicals Corporation (Engel-hard) located in Madison County. Their personal representatives filed a lawsuit against Royal Globe Insurance Company and others, alleging wrongful death. Royal Globe, the workmen’s compensation carrier for Engelhard, which had conducted safety inspections for the Engelhard company, was ultimately dismissed as a party in that suit. In the due course of pleading the plaintiffs amended their complaint by adding and substituting additional party defendants. Royal Globe, though dismissed, requested and obtained permission to intervene. Following this intervention APV Company, one of the defendants, filed a request for the production of documents calling for any and all reports of investigation performed on behalf of Royal Globe concerning the incident. When the intervenor objected, APV Company requested an order allowing production of the documents, and Royal Globe moved for a protective order. The circuit court denied that order.
The issue before us on this mandamus petition is whether there has been a clear abuse of the discretion reposed in the trial court in the discovery process. Assured Investors Life Ins. Co. v. National Union Associates, Inc., Ala., 362 So.2d 228 (1978). We hold that Judge Younger did not abuse his discretion.
The petitioner maintains that the trial court’s denial of its protective order provides “wholesale discovery” of Royal Globe’s work product which, it asserts, is privileged from discovery under the authority of Ex parte State Farm Mutual Automobile Ins. Co., Ala., 386 So.2d 1133 (1980). That decision interpreted that portion of Rule 26(b)(3), Alabama Rules of Civil Procedure, referring to “prepared in anticipation of litigation.” The position of Almaguer v. Chicago, Rock Island & Pacific Railroad Co., 55 F.R.D. 147 (D.Neb.1972), was favored, that position being that “reports, statements, memoranda, and the like developed by the insurer during its investigation prior to the employment of counsel are prepared in anticipation of litigation.” Ex parte State Farm at 1136. Almaguer itself was quoted with approval:
*636 “[Statements taken by a claims agent immediately after an accident are taken in anticipation of litigation. * * * The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption.”
This rationale was followed in Fireman’s Fund Ins. Co. v. McAlpine, R.I., 391 A.2d 84 (1978), a part of whose opinion was quoted in Ex parte State Farm at 1136-7:
“In our litigious society, when an insured reports to his insurer that he has been involved in an accident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact, will begin to prepare his case. ... Although a claim may be settled short of the instigation of legal action, there is an ever-present possibility of a claim’s ending in litigation. The recognition of this provides, in any given case, the impetus for the insurer to garner information regarding the circumstances of a claim.”
That court, of course, recognized the possibility in many instances, however, that an insurer might prepare a report for a purpose other than litigation. Indeed, this Court weighed the circumstances in Ex parte State Farm and concluded that the documents sought to be discovered there were developed in anticipation of litigation because, from the incident which resulted in a death claim, the investigator could have reasonably concluded that its insured would be sued.
The facts of this case, as presented in this petition, are unfortunate but not complicated. The two deceased men died at the Silver Nitrate Plant operated by Engelhard. One of them, Boehlert, was a maintenance employee who descended into a tank to repair an agitator located therein. When he descended into the tank he was overcome and fell to the bottom of the tank. Gray-son, another employee, was standing nearby and, in an attempt to rescue, he entered the tank and was also overcome. Both died before they could be rescued. Royal Globe investigated the incident. The APV Company, one of the defendants in the lawsuit filed by the personal representatives, has requested all the reports of the investigation dealing with that occurrence.
Under the rationale of Ex parte State Farm, supra, see also Ex parte Dorsey Trailers, Inc., Ala., 397 So.2d 98 (1981), and the facts of this case, it is a reasonable conclusion that the investigation which shortly followed from these two unfortunate deaths was executed in anticipation of litigation. The complaint first filed called upon Royal Globe to defend against the accusation that it had negligently conducted safety inspections and negligently failed to call the absence of certain safety devices to the attention of the responsible parties. Even though Royal Globe itself was subsequently dismissed as a party (before it intervened), that does not lessen the probability that its accident investigation was conducted in an ever-present possibility of the claims ending in litigation. An opposite conclusion would be unrealistic here.
Additionally, however, we find that the trial court had before it sufficient evidence upon which to reasonably conclude that APV Company had substantial need of the materials in preparation of its case and that it was “unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Rule 26(b)(3), A.R. Civ.P. For one thing, the incident did not occur at APV’s facility but elsewhere, yet multiple parties, including APV Company, are charged with responsibility. For another, the incident occurred on June 12, 1978, and, although APV Company was included as a fictitious party when the complaint was filed on June 12,1979, it was not added by way of amendment until June 9, 1980. Thus full knowledge of the claim against it did not occur until two years after the incident, with the result that a reasonably contemporaneous opportunity for an investigation was unavailable. In addition, *637 there is a difficulty in easily procuring information at the plant on account of security measures invoked by the Engelhard company. And finally, there are numerous En-gelhard personnel and former employees who were witnesses who are at locations distant from Madison County, such as Japan. Under these circumstances we cannot conclude that the trial court abused the broad discretion with which it is vested. Assured Investors Life Ins. Co., supra. Cf. Bozeman v. State Farm Fire & Cas. Co., Ala., 420 So.2d 89 (1982) (substantial need not established).
What we have stated herein does not, of course, pretermit the right of the petitioner to relief under Rule 26(c)(7), A.R.Civ.P. (for the protection of trade secrets, etc.) or other specific relief under subsection (c) as appropriate, and as these proceedings continue.
Having found that the trial court did not abuse its discretion, we conclude that the petitioner has no clear right to relief. Ex parte Slade, 382 So.2d 1127 (Ala.1980). Accordingly, the writ must be, and is, denied.
WRIT DENIED.
TORBERT, C.J., MADDOX, JONES and SHORES, JJ., concur.