This is a petition for a writ of mandamus which asks this Court to order the trial court to rescind its order compelling the petitioners to answer certain interrogatories. We deny the writ.
The respondent, a sanitation worker, filed an action seeking damages for injuries he allegedly received when his left hand was caught in a garbage compactor located on the truck from which he was working. His complaint alleged breach of warranties and negligence in the manufacture, design, and maintenance of the compactor.
The respondent propounded a set of ninety-nine interrogatories to the petitioners on July 5, 1983. On November 27, 1984, the trial court, upon motion and after a hearing on the matter, ordered the petitioners to respond more fully to twenty-eight of the ninety-nine interrogatories. The petitioners filed a motion to reconsider on December 11, 1984. The trial court conducted a hearing on the motion to reconsider on December 21, 1984, and refused to alter its order. We issued an order staying all proceedings in the trial court pending the disposition of this writ.
The petition alleges that much of the information sought by the interrogatories relates to garbage compactors manufactured by a corporation that was acquired by one of the petitioners in 1970. Petitioners argue that it would be unduly burdensome to require them to search through the years of records contemplated by the interrogatories, in view of the limited relevance of this information to the case at hand. The plaintiff/respondent, on the other hand, argues that this information is relevant on the issues of notice, knowledge, and feasibility of modification, and, therefore, reasonably calculated to lead to admissible evidence, pursuant to Rule 26 (b)(1), A.R.Civ.P.
The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process. AssuredInvestors Life Ins. Co. v. National Union Associates, Inc.,362 So.2d 228 (Ala. 1978). This discretion, however, is not unlimited, and mandamus is a proper means to determine if the trial court abused its discretion in compelling or prohibiting discovery. Ex Parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981). Due to the extraordinary nature of the writ, mandamus will issue only where the relief sought allows no reasonable basis for controversy. Lassiter v. Werneth, 275 Ala. 555,156 So.2d 647 (1963).
Attached to the petition filed in this Court is the affidavit of Anne Carley, the assistant corporate secretary of Sargent Industries and Sargent Industries of Delaware, Inc.; that affidavit details the alleged difficulties petitioners would have in complying with the trial court's order. The affidavit is dated January 5, 1985, and was not before the trial court when it entered its order compelling discovery. We cannot consider it, therefore, in our determination of whether the trial court abused its discretion.
The trial court heard the arguments of the parties at two separate hearings on this matter and determined that the *Page 963 
information sought by the respondent is properly within the scope of discovery. Upon reviewing this petition and the briefs of the parties, we conclude that the trial court did not abuse its discretion. Moreover, this writ is due to be denied because the petitioners did not seek a protective order from the trial court pursuant to Rule 26 (c), A.R.Civ.P., which is the appropriate "procedural device for limiting or prohibiting discovery." Cole v. Cole Tomato Sales, Inc., 293 Ala. 731,310 So.2d 210 (1975).
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.