STEAGALL, Justice.
Robert Lee Gatwood filed a petition for writ of mandamus asking this Court either to direct the Honorable Robert M. Harper to rescind his order compelling Gatwood to submit to a deposition in Lee County or to direct him to enter a summary judgment in favor of Gatwood. We deny the writ.
On February 20, 1987, Gatwood obtained a judgment against Peter Donald Lanier in the Circuit Court of Escambia County, Florida, based upon a promissory note executed by Lanier. On March 3i, 1987, Gat-wood filed this action in the Circuit Court of Lee County, Alabama, to have full faith and credit afforded the Florida judgment in order to obtain an Alabama judgment that he could execute on in this state. On the same day, Gatwood filed a personal affidavit, a motion for summary judgment, a request for admissions, and interrogatories.
On April 28, 1987, Lanier filed his answer, his objections to the interrogatories, his response to the request for admissions, and a notice of the taking of Gatwood’s deposition on June 4, 1987. Lanier’s answer denied that he was indebted to Gat-wood and included a counterclaim against Gatwood. On June 3, 1987, Gatwood filed a motion for a protective order, requesting that Lanier not be allowed to take his deposition.
On June 24, 1987, Judge Harper denied Gatwood’s motion for protective order and denied his motion for summary judgment on the basis that it was premature.
It is undisputed that mandamus cannot be used as a substitute for appeal. Ex parte South Carolina Insurance Co., 412 So.2d 269 (Ala.1982); Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala. 1979). Gatwood’s mandamus petition, as it relates to his motion for summary judgment, requests this Court to do that which can be done on appeal. Ex parte Newco Manufacturing Co., 481 So.2d 867 (Ala. 1985).
Mandamus is a proper means to determine if the trial court abused its discretion in compelling discovery. Ex parte Sargent Industries, Inc., 466 So.2d 961 (Ala.1985). However, the trial court is vested with broad discretion in controlling the discovery process. Id.
While we recognize that foreign judgments are entitled to full faith and credit in Alabama courts, we also recognize that there may be circumstances where valid defenses to a suit on a foreign judgment exist, such as payment of the judgment. See Beverly v. Owens, 494 So.2d 65 (Ala.1986); Teng v. Diplomat National Bank, 431 So.2d 1202 (Ala.1983); A.B.C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946). In the instant case, the trial court apparently found that discovery was necessary in order to determine whether Lanier has valid defenses. Based upon the petition and the briefs of the parties, we conclude that the trial court did not abuse its discretion.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.