Petition for a writ of mandamus wherein the petitioner, Employers National Insurance Company ("Employers"), has asked this Court to direct the Honorable Julius S. Swann, Jr., Judge, Etowah Circuit Court, before whom an action was proceeding, to set aside and vacate his order of January 28, 1987, compelling Employers to answer interrogatories propounded by the plaintiffs, Jessie B. Stephens and Cornelia Stephens, and to direct the trial court to enter a protective order to shield Employers from having to produce documents requested by the Stephenses and from having to answer said interrogatories. Upon careful review, we find that the trial court has not clearly abused its discretion in refusing to grant the protective order ultimately sought by the petitioner nor in ordering the petitioner to produce documents and to respond to the interrogatories propounded by the Stephenses. The writ is, therefore, denied.
The pending action was filed by the Stephenses against Employers and others, in the Etowah Circuit Court on July 2, 1986; it alleged willful misrepresentations by Employers regarding a policy of automobile insurance issued by that company to Jessie Stephens on or about August 19, 1985. The complaint also alleged that the willful misrepresentations made by Employers to the Stephenses were part of an overall scheme by Employers to defraud its policyholders, although this action was not filed as a class action.[1]
On September 25, 1986, the Stephenses filed discovery requests for production of documents and interrogatories to be answered by Employers. On October 13, 1986, Employers filed a motion in which it objected to the Stephenses' motion to produce, their notice of intent to serve a subpoena, and their subpoena duces tecum. Thereafter, on December 10, 1986, the Stephenses filed a motion to compel production, which was set for oral argument, along with other pending motions, to be heard on February 3, 1987. Prior to that date, specifically on January 28, 1987, the trial court ruled on one aspect of the motion to compel, that being the Stephenses' request that Employers be directed to answer the interrogatories propounded within a specified period of time, i.e., 15 days from *Page 235 
the date of the order. On February 8, 1988, Employers filed a motion to set that ruling aside and requested a protective order.[2] It supplemented this motion with the submission of the affidavit of Employers' district claims manager, detailing the burden and undue hardship he felt would result if the requested protective order were not granted. On February 26, 1988, the trial judge granted a limited protective order restricting the time period to be covered by the discovery requests, but he declined to set aside his order of January 28, 1987. Thereupon, Employers filed its petition for writ of mandamus.
The Alabama Rules of Civil Procedure permit very broad discovery. This necessarily requires that the trial judge be vested with considerable discretion in ruling on discovery matters. Ex parte McClarty Construction Equip. Co.,428 So.2d 629 (Ala. 1983); Ex parte Old Mountain Properties, Ltd.,415 So.2d 1048 (Ala. 1982). Therefore, the only issue before us is whether the trial judge abused his discretion in allowing the discovery sought. Campbell v. Regal Typewriter Co.,341 So.2d 120 (Ala. 1976). In Ex parte Old Mountain Properties, Ltd.,415 So.2d 1048, 1050 (Ala. 1982), this Court, quoting fromCampbell, stated as follows:
 " 'The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210
(1975). However, ARCP 26(c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all of the circumstances, the trial court has abused this discretion. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant. First National Bank in Greenwich v. National Airlines, Inc., 22 F.R.D. 46 (S.D.N.Y. 1958).
 " 'The particular details of the discovery process must necessarily be left to the sound discretion of the trial court. The court may enter appropriate orders under ARCP 26(c) and if necessary, on a showing of undue burden, it may order alternative means of discovery. Burns v. Thiokol Chemical Corp., 483 F.2d 300 (5th Cir. 1973). Of course, the fact that it may be difficult to produce information which is discoverable is not a justification for disallowing the discovery of that information. . . .' "
As we noted in these earlier cases, the trial court is in a better position to make discovery determinations than are we.
In Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala. 1981), we clearly set out the appropriate standard of review on a petition for writ of mandamus, as follows:
 "Mandamus is a proper means of review to determine whether a trial judge abused his discretion in limiting a party's right to discovery. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978). The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful. Lassiter v. Werneth, 275 Ala. 555, 156 So.2d 647 (1963)."
Rule 26(c), A.R.Civ.P., provides a method for a party to seek relief from discovery for good cause shown. It reads in pertinent part:
 "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or inspection is to be taken may make any order which justice requires to protect a party or person from annoyance, *Page 236 
embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
 "If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery."
This rule, it should be noted, imposes upon the party seeking protection from discovery requests the responsibility of taking affirmative action by filing a motion for a protective order in the court where the discovery request is pending. We summarized the law regarding review of discovery matters inEx parte McTier, 414 So.2d 460, 461 (Ala. 1982):
"The rule of law, on review of orders entered in matters involving discovery is that this Court will not reverse the trial court's decision on discovery matters unless there is a clear showing that the trial judge abused his discretion in making his decision. This Court has delineated its scope of review of discovery matters on many occasions and particularly as to Rule 26 in Assured Investors Life Insurance Company v.National Union Associates, Inc., 362 So.2d 228 (Ala. 1978).
 " 'It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. . . . Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and Delong Corp. v. Lucas, 138 F. Supp. 805 (S.D.N.Y. 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.' "
In its instant petition, Employers states that it had before the trial court a motion objecting to the interrogatories at the time of the court's January 28, 1987, order compelling Employers to answer the Stephenses' interrogatories. However, upon review of the exhibits presented to this Court, it appears that the only motion before the trial court at the time of that order was the following:
 "COMES NOW the Defendant, EMPLOYERS NATIONAL INSURANCE COMPANY; and pursuant to Rule 26 of the Alabama Rules of Civil Procedure, objects to the Motion to Produce, Notice of Intent to Serve Subpoena, and Subpoena Duces Tecum heretofore filed in this Court by the Plaintiffs, and as grounds for said objection says as follows:
 "1. That the Notice of Intent to Serve seeks records from Ken Bernard, who is an employee of EMPLOYERS NATIONAL INSURANCE COMPANY, a party to this action, and who has no such documents as a part of his personal records, but any such records as those sought would be records of EMPLOYERS NATIONAL INSURANCE COMPANY, a party to this action, and that same are not discoverable by the means employed by the Plaintiff in this cause.
 "2. That the Subpoena Duces Tecum heretofore filed by the Plaintiffs was filed only two (2) days prior to the scheduled deposition of Ken D. Bernard, who was not present in Alabama and available for deposition on said date, and who further had no possession of such documents *Page 237 
of his own right, and that said records were documents belonging to this Defendant, and that the method employed for the production of said documents was not in accordance with the Rules of Procedure. That an oral objection to said Subpoena Duces Tecum was made by the Attorney for the Defendant in accordance with said Rules despite the fact that the time for response to same had not yet passed according to the Alabama Rules of Civil Procedure.
 "3. That the Plaintiffs' Motion to Produce is not the proper procedure under the Alabama Rules of Civil Procedure for the production of documents, is not a Request for Production of Documents under Rule 34, but to the extent that same attempts to obtain documents from this Defendant, the Defendant objects to said production on the following grounds:
 "(a) That said request for documents, and each of same, respectively, is vague and uncertain, overly broad in its scope so as to be burdensome and oppressive to the Defendant, does not seek documents relevant to the subject litigation, and is not calculated to lead to the discovery of admissible evidence in this cause, and further seeks documents which were prepared in anticipation of litigation by the Defendant or its representatives:
 "(b) That the documents sought have no relevancy to the right of the Plaintiffs to recover of this Defendant under uninsured motorist coverage in the policy alleged in the Complaint, and are not calculated to lead to the discovery of such admissible evidence, and are privileged and outside the discoverable material allowed by Rule 26 without a showing of good cause;
 "(c) That the plaintiffs have made no attempt to a showing as required by said Rules for said production."
A careful review of this motion reveals that Employers sets out no objection thereby to the interrogatories themselves. Furthermore, Employers has not provided us with evidence of any other motion for protective order filed by it prior to the court's January 28, 1987, order. In reviewing the trial court's action for abuse of discretion, we can consider only that which the trial court had before it at the time of its ruling. Ex parte Sargent Industries, Inc., 466 So.2d 961 (Ala. 1985). Although the petitioner did file a motion for a protective order, it did so over one year after it was ordered to respond to the interrogatories. That motion alleges that Employers had previously objected to the Stephenses' interrogatories. However, as we have noted hereinabove, we find no evidence of such an objection nor of a request for protective order prior to the trial court's order of January 28, 1987.
The petitioner now argues that the interrogatories propounded were not relevant to the allegations of the complaint in this case. Although a properly filed motion for protective order might have been granted under the facts of this case, the trial court was under no obligation to review the interrogatories for relevancy where no such motion had been filed by Employers. We cannot, therefore, find from the record filed here that the trial court abused its discretion in entering the disputed order or in refusing to set it aside thereafter.
In Lockhart v. Phenix City Ins. Co., 488 So.2d 1353 (Ala. 1986), we found that abuse of discretion by the trial court in granting a Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate can be found only where a legal right is abused and where the record clearly shows the trial court to be in error. Of course, the corollary, that the denial of such a motion is abuse of discretion, would require the same showing of a legal right and a record that clearly demonstrates error. We find neither here.
We next must consider the petitioner's allegation that the trial court abused its discretion in granting the Stephenses' request for production of documents even though Employers had properly sought a protective order to shield it from the production. The documents requested are as follows:
 "1. All correspondence, memorandums, flyers, pamphlets and other written documents from January of 1972 to present concerning the right of a policyholder or named insured when operating an uninsured vehicle to receive benefits under his uninsured motorist coverage when involved in a collision with an uninsured motorist.
 "2. All correspondence, memorandums, and other written documents including but not limited to Employer's first notice of claim, the combined loss report or initial loss report made by the claims representative or any member of the claims department concerning the claim of Plaintiffs as well as any and all documents wherein the claims representatives made entries or notations as to the coverages available. *Page 238 
 "3. The claims manual of Employers, specifically concerning the U Section or Uninsured Motorist Section of that particular claims manual and other written documents concerning instructions as to practices and procedures to be followed when handling or adjusting uninsured motorist claims."
Employers points out in its reply brief that numbers 2 and 3 are not at issue because number 2 has already been provided and number 3 does not exist. Therefore, we limit our review to request number 1.
Employers argues that the request is vague and overly broad, thereby violating Rule 34, A.R.Civ.P. We cannot agree that the trial court has clearly abused its discretion by ordering Employers to respond to this request, especially in light of the trial court's February 26, 1988, order, which limits the time period covered to two years rather than from 1972 as requested.
We do not find from the record before us that the trial court has clearly abused its discretion. The petition for writ of mandamus is, therefore, due to be, and it is, denied.
WRIT DENIED.
MADDOX, JONES, ALMON and HOUSTON, JJ., concur.
[1] The original complaint also alleged that Employers refused, in bad faith, to pay the Stephenses' claim for which, the Stephenses alleged, it knew it was liable under the terms of the policy. However, Employers sought and was granted summary judgment on the bad faith claim.
[2] This motion to set the ruling aside and for protective order was filed over one year after the trial judge's order that it seeks to set aside. Employers indicated in a letter to the trial judge dated February 4, 1988, which was made an exhibit to its reply brief in the matter pending before this Court, that the motion was not filed earlier because the trial judge had indicated that he was already reconsidering his order of January 28, 1987.