HARWOOD, Justice.
Mattie Showers, the plaintiff in a wrongful-death action, seeks a writ of mandamus compelling Judge E. Dwight Fay (1) to set aside a summary judgment entered for the defendant Dr. Robbie Dudley, M.D., and to reconsider Dr. Dudley’s summary-judgment motion in light of evidence submitted in opposition by the plaintiff; or (2), in the alternative, to certify the summary judgment as final, under Rule 54(b), Ala. R. Civ. P. (and therefore appealable), or to provide the statement required by Rule 5, Ala. R.App. P., to allow her to seek a *279 permissive appeal.[1] The petition for the writ of mandamus is denied.
Mattie Showers and Richard Showers, as the parents of Jalessa Ellison, deceased, sued the Health Care Authority of the City of Huntsville d/b/a Huntsville Hospital; Steven L. Buckley, M.D.; Dr. Dudley; and Pediatric Associates (sometimes all are referred to collectively as “the defendants”), seeking damages based on allegations of wrongful death resulting from medical care provided to Ellison. The complaint was later amended to remove Richard Showers, leaving Mattie Showers as the sole plaintiff.
The defendants filed an answer, and on August 16, 1999, the trial court entered a scheduling order setting the case for trial on April 3, 2000. The order required that all discovery be completed 15 days before trial and that Showers designate her expert witnesses by October 18, 1999. On October 18, 1999, Showers designated Dr. Steven C. Aronoff, a pediatric infectious-disease specialist, and Dr. John Ogden, an orthopedic surgeon, as her experts to provide evidence against Dr. Dudley and Dr. Buckley, respectively. Because of numerous depositions and extensive discovery, the court held another scheduling conference on December 18, 1999. The trial court issued a modified scheduling order on January 10, 2000, retaining the trial date of April 3, 2000, but providing that Showers was to designate her expert witnesses no later than January 17, 2000. Showers’s experts were to be deposed by February 15, 2000.
Because of attorney conflicts, the trial date was reset for September 11, 2000. Another scheduling conference was held on February 25, 2000, and the trial court offered to let the parties draft a new scheduling order, with the instruction that the deadlines imposed in the previous scheduling order could not be extended more than 60 days. The parties were unable to agree on a new scheduling order.
On July 25, 2000, the trial court notified all parties that because the trial would likely last two weeks, it would be moved from September 11 to September 18, 2000, to better accommodate the trial docket. The trial court ordered that all dispositive motions be filed no later than six weeks before trial.
On August 7, 2000, Dr. Dudley filed a motion for summary judgment, based on Showers’s failure to proffer an expert witness with the same “specialty” as Dr. Dudley, as defined in § 6-5-548, Ala. Code 1975. On August 20, 2000, Showers filed a motion in opposition to Dr. Dudley’s motion for summary judgment. Showers’s motion was based on an argument that Dr. Aronoff was qualified to offer testimony against Dr. Dudley because § 6-5-548, Ala.Code 1975, uses the words “same specialty” and not “same subspecialty.” Also included in Showers’s motion in opposition were references to the deposition testimony of Dr. Aronoff, taken September 27, 1999. Attached to Showers’s motion and brief in opposition to the summary-judgment motion were three items: (1) an affidavit from Dr. Allen R. Walker, a pediatric-emergency specialist, (2) materials from the Internet Web site operated by the American Board of Pediatrics, concerning criteria involved in the subspecialty of pediatric-emergency medicine, and (3) an affidavit of John A. Owens, Show *280 ers’s attorney, stating that the attached information had been downloaded from the Internet by a person qualified to download such information. Showers also filed a motion styled “Additional Defenses Raised in Opposition to Motion for Summary Judgment.” That motion argued that § 6-5-548, Ala.Code 1975, was unconstitutional. Showers also filed a document styled “Matters Offered in Evidence in Opposition to Motion for Summary Judgment.” Attached to this document were (1) an affidavit of Dr. Allen R. Walker; (2) the deposition of Dr. Steven C. Aronoff; (3) excerpts from the deposition of Dr. Dudley and “Plaintiffs Exhibit 2” to the deposition of Dr. Dudley; (4) excerpts from the deposition of Dr. Richard Ruddy; (5) excerpts from the deposition of Dr. Michael Altieri; and (6) a document entitled “Eligibility Criteria for Certification in Pediatric Emergency Medicine” and statistical data provided by the Web site of the American Board of Pediatrics, with authentication.
On August 21, 2000, Showers identified an additional expert witness, Dr. Allen R. Walker, board-certified in pediatric-emergency medicine, to testify against Dr. Dudley and Huntsville Hospital. The defendants all filed motions with the trial court to preclude the addition of Dr. Walker as an expert, on two grounds: (1) that he was identified by Showers more than five months after the deadline for disclosing expert witnesses, and (2) that there was insufficient time to depose Dr. Walker before the September 18, 2000, trial date. The trial court, on August 30, 2000, granted the defendants’ motions to exclude Dr. Walker. Showers filed a motion to reconsider the exclusion, on September 1, 2000; the court denied that motion.
On August 31, 2000, in response to Showers’s August 20 motion in opposition to the summary-judgment motion, Dr. Dudley filed a reply brief and a motion to strike the affidavits of Dr. Walker and Owens and to strike the Internet materials attached to Showers’s motion, because, he argued, Dr. Walker had already been precluded from testifying as a witness and the Internet materials were inadmissible as evidence.
The summary-judgment motion was argued on September 1, 2000, and the court granted it on September 5,2000. On September 5, 2000, Showers filed a motion for a continuance of the September 18 trial setting and filed a motion requesting that the court make the summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P. Later that day, Showers filed a motion requesting that the trial judge, as an alternative to giving the Rule 54(b) certification of finality, enter the statement required for her to seek a permissive appeal under Rule 5, Ala. R.App. P. The trial judge denied both motions, on September 6, 2000. Showers filed with this Court a petition for a writ of mandamus and a motion to stay the trial proceedings (see note 1), on September 7, 2000.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991). It is well settled that ‘a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.’ Ex parte Central Bank of the South, 675 So.2d 403, 406 (Ala.1996).”
*281 Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). “Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.” State v. Cannon, 369 So.2d 32, 33 (Ala.1979).
Showers’s first argument is that the trial court abused its discretion by entering the summary judgment for Dr. Dudley. Specifically, Showers argues that the summary judgment for Dr. Dudley is based on an error by the trial court in failing to consider the affidavits of Dr. Aronoff and Dr. Walker and the Internet materials included in Showers’s proffer of evidence in opposition to Dr. Dudley’s motion for summary judgment. This Court has clearly stated the general rule that it will not review the merits of a summary-judgment motion through a writ of mandamus. See Ex parte Alabama Dep’t of Transp., 764 So.2d 1263 (Ala.2000); Ex parte Central Bank of the South, 676 So.2d 403 (Ala.1996); and Ex parte Gatwood, 518 So.2d 115 (Ala.1987). The only area in which we have recognized an exception to this general rule is in the area of sovereign immunity. See Ex parte Davis, 721 So.2d 685 (Ala.1998), and Ex parte Purvis, 689 So.2d 794 (Ala.1996). That exception does not apply in this case.
Showers’s second argument is that she was entitled to a certification of finality under Rule 54(b), Ala.R.Civ.P., so that she could immediately appeal that summary judgment. In the alternative, Showers argues that the trial court should have issued a statement pursuant to Rule 5(a), Ala.R.App.P., indicating that the summary judgment for Dr. Dudley “involves a controlling question of law,” so that Showers could seek an appeal by the permission of this Court. Showers cites no authority, and we are aware of none, that supports her position that she is entitled to a writ of mandamus compelling the trial court either to issue a Rule 54(b), Ala.R.Civ.P., certification of finality, or to issue a statement pursuant to Rule 5(a), Ala.R.App.P., allowing her to seek an appeal by permission.
Rule 21(a), Ala.R.App.P., requires that a petition to an appellate court for the writ of mandamus “shall contain ... a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.” (Emphasis added.) Similarly, Rule 28(a)(5), Ala. R.App.P., requires that arguments in briefs contain “citations to the authorities, statutes and parts of the record relied on.” (Emphasis added.) It is settled that a failure to comply with the requirements of Rule 28(a)(5) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
“When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research. Rule 28(a)(5); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala.1993).”
City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998). See also McLemore v. Fleming, 604 So.2d 353 (Ala.1992); Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala.1985); and Ex parte Riley, 464 So.2d 92 (Ala.1985). If anything, the extraordinary nature of a writ of mandamus makes the Rule 21 requirement of citation to authority even more compelling than the Rule 28 requirement of citation to authority in a brief on appeal. Thus, Showers’s failure to cite authority supporting her arguments, as required by Rule 21, provides this Court an ample basis for refusing to consider those arguments, and her petition could properly be denied on that basis.
*282 We note further, however, that Showers’s petition is due to be denied because both a Rule 54(b) certification of finality and a statement allowing a party to seek a permissive appeal under Rule 5(a) are discretionary with the trial court. See Wilson v. Wilson, 736 So.2d 633, 634 (Ala.Civ.App.1999), and Ex parte Burch, 730 So.2d 143, 145 (Ala.1999), respectively. Because the trial court’s action on either rule is discretionary, and especially in the absence of any showing of a clear abuse of that discretion, Showers has shown no “clear legal right” to the relief she requests. Ex parte Empire Fire & Marine Ins. Co., supra. Showers’s arguments on this point are without merit.
Showers’s petition for the writ of mandamus seeks to have this Court review the trial court’s summary judgment for Dr. Dudley before the trial court has completely adjudicated Showers’s case. A petition for the writ of mandamus is not a substitute for an appeal.
WRIT DENIED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.

. Showers also argued that the trial court erred in refusing to grant a continuance of the trial date. However, this Court stayed the trial proceedings on September 7, 2000, and the case remains to be tried. Thus, by obtaining the stay she sought from this Court, Showers effectively obtained a continuance, and we need not address her argument on that issue.