982 So.2d 1081 (2007)
Ex parte State of Alabama.
(In re STATE of Alabama
v.
Thomas J. ANDREWS.
No. 1061490.
Supreme Court of Alabama.
October 12, 2007.
Troy King, atty. gen., and Joshua S. Bearden, asst. atty. gen., for petitioner.
John B. Bush, circuit judge, for respondent.
LYONS, Justice.
PETITION DENIED. NO OPINION.
SMITH, BOLIN, and MURDOCK, JJ., concur.
STUART, J., concurs specially.
COBB, C.J., recuses herself.
STUART, Justice (concurring specially).
Rule 21(e)(1), Ala. R.App. P., provides for the review by this Court of a decision *1082 of a court of appeals disposing of a petition for a writ of mandamus. Rule 21(e)(1), states, in pertinent part:
"(1) A decision of a court of appeals on an original petition for a writ of mandamus or prohibition or other extraordinary writ (i.e., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court, and an application for rehearing in the court of appeals is not a prerequisite for such review. If an original petition for extraordinary relief has been denied by the court of appeals, review may be had by filing a similar petition in the supreme court (and, in such a case, in the supreme court the petition shall seek a writ directed to the trial judge). . . . "
(Emphasis added.)
In this case, the State filed a petition for a writ of mandamus in the Court of Criminal Appeals. The Court of Criminal Appeals denied the State's petition by an order. State v. Andrews (No. CR-06-1677, July 13, 2007), ___ So.2d ___ (Ala.Crim.App.2007) (table). The State then filed a petition for a writ of mandamus in this Court seeking a de novo review. The State, however, did not comply with Rule 21(e)(1), because, instead of "seeking a writ directed at the trial judge," the State requested that this Court order the Court of Criminal Appeals to vacate its order. To warrant issuance of a writ of mandamus by this Court, the petitioner must establish a clear legal right to the relief requested. "An indispensable requirement for mandamus is the presence of a right in the applicant to the thing applied for." Campbell v. City of Hueytown, 289 Ala. 388, 390, 268 So.2d 3, 4 (1972). In light of the requirements of Rule 21(e)(1), the fact that the Court of Criminal Appeals denied the petition, and the State's failure to "seek a writ directed to the trial judge," I conclude that the State has no right to ask this Court to issue a writ directed to the Court of Criminal Appeals. Consequently, the State cannot establish a clear legal right to the writ, and denial of the petition is proper.