Rule 21(e)(1), Ala. R.App. P., provides for the review by this Court of a decision *Page 1082 
of a court of appeals disposing of a petition for a writ of mandamus. Rule 21(e)(1), states, in pertinent part:
 "(1) A decision of a court of appeals on an original petition for a writ of mandamus or prohibition or other extraordinary writ (i.e., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court, and an application for rehearing in the court of appeals is not a prerequisite for such review. If an original petition for extraordinary relief has been denied by the court of appeals, review may be had by filing a similar petition in the supreme court (and, in such a case, in the supreme court the petition shall seek a writ directed to the trial judge). . . ."
(Emphasis added.)
In this case, the State filed a petition for a writ of mandamus in the Court of Criminal Appeals. The Court of Criminal Appeals denied the State's petition by an order. State v.Andrews (No. CR-06-1677, July 13, 2007), ___ So.2d ___ (Ala.Crim.App. 2007)(table). The State then filed a petition for a writ of mandamus in this Court seeking a de novo review. The State, however, did not comply with Rule 21(e)(1), because, instead of "seeking a writ directed at the trial judge," the State requested that this Court order the Court of Criminal Appeals to vacate its order. To warrant issuance of a writ of mandamus by this Court, the petitioner must establish a clear legal right to the relief requested. "An indispensable requirement for mandamus is the presence of a right in the applicant to the thing applied for." Campbell v. City ofHuey-town, 289 Ala. 388, 390, 268 So.2d 3, 4 (1972). In light of the requirements of Rule 21(e)(1), the fact that the Court of Criminal Appeals denied the petition, and the State's failure to "seek a writ directed to the trial judge," I conclude that the State has no right to ask this Court to issue a writ directed to the Court of Criminal Appeals. Consequently, the State cannot establish a clear legal right to the writ, and denial of the petition is proper.